Argued February 22, reversed and remanded
for resentencing April 2, 1979

STATE OF OREGON, *Respondent,*
*v.*
JAMES BURTON BEHAR, *Appellant.*
(No. 77-27C, CA 12115)

592 P2d 1056

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, Tanzer, Richardson and Roberts, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

Defendant was convicted of Burglary in the Second Degree, ORS 164.215, on his plea of guilty. He was placed on probation for five years. Subsequently, defendant was convicted of a drug offense in California. He was then extradited to Oregon for a hearing to determine if his probation should be revoked. Following the hearing, the court revoked the probation and then reinstated probation with the following conditions, among others: that defendant agree to a lie detector test upon the request of the district attorney or the probation officer and that defendant consent to searches at the direction of the district attorney or his probation officer.

■ Defendant challenges these conditions of probation on two grounds. First, he contends there is no basis in the record for imposing these conditions; and second, they are overbroad in that the lie detector test and the searches may be authorized by the district attorney.

Prior to imposing the new probation, the court ordered and considered a presentence report. This report contained information regarding defendant's prior criminal record, including the fact he had had two adult probations. The probation office recommended that the two challenged conditions of probation be imposed. There was a sufficient basis for the court to impose the conditions. *State v. Age*, 38 Or App 501, 590 P2d 759 (1979).

■ Respecting defendant's second argument, we held in *State v. Hovater*, 37 Or App 557, 588 P2d 56 (1978), that the district attorney was not involved in probation supervision and a condition of probation authorizing the district attorney to initiate a polygraph examination or a warrantless search was improper. *See also State v. Age, supra.*

Reversed and remanded for resentencing.