Argued March 1, reversed and remanded
for resentencing May 29, reconsideration
denied July 10

# STATE OF OREGON, *Respondent,*
## *v.*
# STEVEN EUGENE ASHER, *Appellant.*
## (No. 17-856, CA 10815)

595 P2d 839

Howard R. Lonergan, Portland, argued the cause for appellant. With him on the brief was Clinton A. Lonergan, Portland.

Allison Smith, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

Defendant appeals his conviction after trial by jury of unauthorized use of a motor vehicle, ORS 164.135,[1] assigning as error the exclusion of certain testimony as hearsay and the requirement, imposed by the court as a condition of probation, that defendant cooperate with a special agent of the Drug Enforcement Administration. We affirm the conviction but remand for resentencing.

The gist of the State's case was that defendant acquired a rebuildable wrecked pickup truck, which had been stolen two months earlier, changed the identifying numbers on it, repaired, repainted and then sold it. Defendant contended he purchased the truck and paid two strangers $1100 to rebuild it, and then sold it, all without knowledge the truck had been stolen. It was established that the truck was a stolen vehicle and that the identifying numbers had been changed before defendant resold it.

In the State's case in chief, Detective Trapp testified that defendant told him that defendant did the work on the truck himself. The first witness for the defense was defendant's wife, who testified she was

---

[1] ORS 164.135 provides:

"(1) A person commits the crime of unauthorized use of a vehicle when:

"(a) He takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat or aircraft without consent of the owner; or

"(b) Having custody of a vehicle, boat or aircraft pursuant to an agreement between himself or another and the owner thereof whereby he or another is to perform for compensation a specific service for the owner involving the maintenance, repair or use of such vehicle, boat or aircraft, he intentionally uses or operates it, without consent of the owner, for his own purpose in a manner constituting a gross deviation from the agreed purpose; or

"(c) Having custody of a vehicle, boat or aircraft pursuant to an agreement with the owner thereof whereby such vehicle, boat or aircraft is to be returned to the owner at a specified time, he knowingly retains or withholds possession thereof without consent of the owner for so lengthy a period beyond the specified time as to render such retention or possession a gross deviation from the agreement.

"(2) Unauthorized use of a vehicle, boat or aircraft is a Class C felony."

present during the conversation between Detective Trapp and her husband and that she overheard it. When she was asked what defendant said in response to the detective's questions about the truck, the State's hearsay objection was sustained. While the record is not as good as it might be, it seems clear that the trial judge assumed the witness would have said that Detective Trapp's recollection of what defendant said to him was in error, and that defendant had said he had the truck fixed, not that he fixed it.

The testimony should not have been excluded as hearsay because it was offered to prove that a certain statement was made in words contrary to the detective's testimony, not that the statement was true. McCormick, Evidence, § 246 (2d ed E. Cleary 1972). Presumably the State offered Detective Trapp's testimony to what defendant said to prove defendant's knowledge that the truck was stolen. Defendant's wife's testimony was offered to impeach Detective Trapp.

Although we agree with defendant that the testimony of his wife on this point should not have been excluded, it does not follow that the error justifies a reversal of his conviction. Defendant testified to his version of the conversation he had with the detective, and in addition his wife and a friend of his testified that they were present when two strangers returned the repaired truck to defendant and saw defendant pay them for the work.

Furthermore, the relevancy of the issue as to whether defendant did the work himself or had someone else do it is tenuous, at best. Defendant apparently would have the jury believe that because he hired two strangers to rebuild the truck the strangers must have altered the identification numbers without his knowledge and for no explainable reason. This version of the case is so inherently unbelievable that the evidence in question has little, if any, probative value. The error was harmless when the entire record is reviewed. *State*

[458]

*of Oregon v. Story,* 208 Or 441, 301 P2d 1043 (1956); *State v. Van Hooser,* 11 Or App 146, 501 P2d 78 (1972), *aff'd* 266 Or 19, 511 P2d 359 (1973).

■ A more troublesome question is presented, however, by the trial court's imposing as a condition of probation that defendant "cooperate to satisfaction of Special Agent Olson with D.E.A., but not to extraordinary risk of life or limb* * *." While the trial court has substantial leeway in fashioning conditions of probation,[2] conditions imposed must be "reasonably related to the offense for which the defendant was convicted or to the needs of an effective probation." *State v. Age,* 38 Or App 501, 506, 590 P2d 759 (1979). *Cf. State v. Martin,* 282 Or 583, 580 P2d 536 (1978); *State v. Fisher,* 32 Or App 465, 574 P2d 354 (1978).

■ We can perceive no rational connection between the offense of which defendant was convicted and his acting as an informer for the Drug Enforcement Agency, and the record discloses none. The condition imposed may prove useful to the law enforcement authorities in carrying out its function, but there is no

---

[2] ORS 137.540(1) provides:

"(1) The court shall determine, and may at any time modify, the conditions of probation, which may include, as well as any others, that the probationer shall:

"(a) Avoid injurious or vicious habits.

"(b) Avoid places or persons of disreputable or harmful character.

"(c) Report to the probation officer as directed by the court or probation officer.

"(d) Permit the probation officer to visit him at his place of abode or elsewhere.

"(e) Answer all reasonable inquiries of the probation officer.

"(f) Work faithfully at suitable employment.

"(g) Remain within a specified area.

"(h) Pay his fine, if any, in one or several sums.

"(i) Be confined to the county jail for a period not to exceed one year or one-half of the maximum period of confinement that could be imposed for the offense for which the defendant is convicted, whichever is the lesser.

"(j) Make restitution to the victim as provided in ORS 137.106.

"(k) Support his dependents.

"(L) Remain under the supervision and control of the Corrections Division."

basis in the record for concluding that those benefits are related to the needs of an effective probation for this defendant. We conclude that the condition in question is invalid.

Accordingly, we reverse and remand for resentencing.