Argued and submitted May 29; affirmed August 14; reconsideration denied September 13, petition for review denied October 22, 1985 (300 Or 180)

## STATE OF OREGON,
*Respondent,*

*v.*

## RONALD FRANCIS BLAIR,
*Appellant.*

(83-461-C; CA A32756)

705 P2d 752

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Kendall M. Barnes, Temporary Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals his convictions for theft in the first degree by deception, ORS 164.055; 164.085, assigning error to the denial of his motion to dismiss on double jeopardy grounds and to the court's sentencing him on more than one conviction. We affirm.

While employed by Rogue Community College as an accountant, defendant embezzled more than $100,000 from the college. The money was taken from various accounts on numerous occasions over a period of four years. When an audit of some accounts revealed a $27,000 shortage, defendant was charged by information with theft in the first degree by deception. To that charge, he pled no contest.

After his plea was entered, but before sentencing, further audits disclosed an additional $73,000 shortage in other accounts. That evidence was presented to the grand jury, which returned an indictment charging defendant with four additional counts of theft in the first degree by deception. Defendant pled not guilty and moved to dismiss on state constitutional and statutory double jeopardy grounds only. The motion was denied. He was convicted and sentenced on all four counts after trial to the court on stipulated facts.

■ We first consider whether the subsequent prosecution was barred by ORS 131.515(2), which provides:

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor *at the time of commencement* of the *first* prosecution and establish proper venue in a single court." (Emphasis supplied.)

Defendant must establish all three statutory elements to prevail. *State v. Knowles,* 289 Or 813, 822, 618 P2d 1245 (1980).

■ ORS 131.135 describes when a prosecution commences:

"A prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay."

In ruling on the motion to dismiss, the trial court found "that

the prosecutor did not have the requisite knowledge of any additional offenses at the time that defendant was originally charged with Theft in the First Degree * * *." There is sufficient evidence in the record to support that finding;[1] accordingly, defendant's argument based on ORS 131.515(2) fails. *See State v. Knowles, supra,* 289 Or at 823 (citing *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968)).

Although the subsequent prosecution was not barred by the joinder requirement of ORS 131.515(2), the question remains whether defendant was "prosecuted twice for the same offense," contrary to ORS 131.515(1),[2] or was "put in jeopardy twice for the same offence *[sic]"*, contrary to Oregon Constitution, Article I, section 12. ORS 131.505(5) defines, for purposes of statutory former jeopardy, at least, when a person has been "prosecuted for an offense." It provides:

> "A person is 'prosecuted for an offense' when he is charged therewith by an accusatory instrument filed in any court of this state or in any court of any political subdivision of this state, and when the action either:
>
> "(a)  Terminates in a conviction upon a plea of guilty, except as provided in ORS 131.525(2); or
>
> "(b)  Proceeds to the trial stage and the jury is impaneled and sworn; or
>
> "(c)  Proceeds to the trial stage when a judge is the trier of fact and the first witness is sworn."

Defendant was sentenced on his no-contest plea to the original charge in April, 1983, although the record does not

---

[1] Defendant argues that, although the state did not know the specific amounts, it was aware that other amounts had been taken in addition to those charged in the first prosecution. Defendant executed a written agreement with the college, agreeing to cooperate in ascertaining the source and amount of "any additional funds" he had taken without authority. That agreement was apparently made a part of the record in the proceedings leading to defendant's first conviction. However, the district attorney was not a party to that agreement and indicated that he would not be bound by its terms. In any event, defendant failed to show that the district attorney was aware of the agreement at the time the *first* prosecution was *commenced.*

[2] ORS 131.515(1) provides:

"Except as provided in ORS 131.525 and 131.535:

"(1)  No person shall be prosecuted twice for the same offense."

disclose when the judgment of conviction was entered.[3] The present prosecution was commenced in March, 1983, and was not barred by ORS 131.515(1), because at that time defendant had not yet been "prosecuted for an offense" as defined by ORS 131.505(5). Neither was either prosecution barred by ORS 131.515(1) until one had terminated in a conviction or defendant had been put in jeopardy as defined in ORS 131.505(5)(b) or (c). When the first prosecution terminated in a conviction, ORS 131.515(1) barred another prosecution for the same offense. However, under ORS 131.515(2), the present prosecution cannot be for the same offense as the first, because, as the trial court found, the additional offenses were not reasonably known to the district attorney when the first prosecution was commenced.

■ Defendant does not contend that the prohibition contained in Article I, section 12, of the Oregon Constitution is substantially different from the legislative version of the prohibition. Given the posture of this case, we apply the legislature's definitions of when a prosecution is commenced, when a person has been prosecuted for an offense and what constitutes prosecution for the same offense, the validity of none of which is challenged, to Article I, section 12. *See State v. Brown,* 262 Or 442, 497 P2d 1191 (1972). Accordingly, defendant's first assignment of error fails.

■ Defendant also argues that the trial court erred in sentencing him on more than one conviction because his crimes were committed in the course of a single criminal episode. That issue has been decided to the contrary. In *State v. Hamilton,* 291 Or 283, 634 P2d 208 (1981), the Supreme Court affirmed the imposition of separate sentences for each of the defendant's six convictions; five were for forgery in the first degree; and one was for theft in the first degree. The court concluded that forging six checks over a 20-day period, at different times, was not "continuous and uninterrupted conduct" under ORS 131.505(4), even though the defendant had a single criminal objective and there was identity of victim and of offender in all six crimes. 291 Or at 291-92. Here, defendant's thefts were from different accounts on different dates

---

[3] ORS 135.345 provides:

"A judgment following entry of a no contest plea is a conviction of the offense to which the plea is entered."

over a four-year period. Each theft required a "new or renewed decision" to commit a theft. *See State v. Cloutier,* 286 Or 579, 599, 596 P2d 1278 (1979). Defendant's conduct was not continuous and uninterrupted. *See State v. Garcia,* 288 Or 413, 429, 605 P2d 671 (1980). The trial court did not err in sentencing defendant on more than one conviction.

Affirmed.