Argued and submitted April 14, reversed and remanded August 6, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# RICHARD ALLEN SCHMID, JR.,
*Appellant.*

(85-1075; CA A37347)

723 P2d 334

Jenny M. Cooke, Portland, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for assault. He contends that the trial court erred in refusing to permit a defense witness to testify, as a sanction for failure to provide discovery to the state. *See* ORS 135.805 *et seq.*[1] We reverse and remand.

On June 20, 1985, Dr. Schmahl, a psychologist, examined defendant. On July 22, defense counsel informed the prosecutor that he intended to call Schmahl as a witness at trial and that he would testify generally about the effects of alcohol abuse and specifically about defendant's ability to form an intent to commit the crime charged. The next day, the prosecutor moved for discovery. On July 26, defense counsel received four pages of handwritten notes from Schmahl. Counsel gave the prosecutor copies of those notes on July 29. The parties and the court appear to have agreed that Schmahl's notes were of little help. Essentially, they were incomprehensible jottings in Schmahl's shorthand. Defense counsel also instructed Schmahl to make himself available to the prosecutor to discuss his proposed testimony at trial. The prosecutor did not attempt to contact him before trial, nor did the prosecutor attempt to contact any other expert to discuss the issues about which defense counsel had told him Schmahl would be testifying. The record does not disclose that the prosecutor did any research on the subject of the effects of alcohol abuse insofar as it was relevant to any of the issues in this case. The record is silent as to the availability or unavailability of any state's expert witness who might have assisted the prosecutor in preparing to cross-examine Schmahl or who might have been called as a rebuttal witness for the state. The prosecutor did not seek a continuance of the trial date.

At trial, on July 31, the prosecutor moved for further discovery of Schmahl. The trial court recessed the trial to allow the prosecutor to interview him. Schmahl told the

---

[1] ORS 135.865 provides:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

prosecutor that he could not be sure what his testimony would be until after he had heard the eye witnesses' testimony. The prosecutor then informed the court that, because Schmahl was unable to tell him what his testimony would be, the prosecutor was not prepared to cross-examine Schmahl and that the state would be prejudiced if his testimony were allowed. Again, the prosecutor did not ask for a continuance. The court concluded that a continuance would not solve the prosecutor's problem and ruled that Schmahl's testimony would be excluded.

Defendant contends that the trial court erred in excluding Schmahl's testimony, because his counsel had made a full disclosure to the prosecutor of everything *he* knew about the testimony. He argues that the state knew that he intended to call Schmahl and knew the nature of the testimony. He argues further that the state had nine days during which it could have contacted Schmahl or another expert to prepare for cross-examination or rebuttal, but that it failed to do so without any explanation. Finally, he argues that the state failed to show any prejudice and that, therefore, exclusion was too drastic a sanction.

The state argues that defense counsel waited a month after Schmahl had examined defendant to inform the state that he would be a witness and that, even then, defense counsel provided no meaningful discovery about the testimony. It argues further that it would have been prejudiced by the prosecutor's inability to present meaningful cross-examination and rebuttal. It also argues that a continuance was not an appropriate remedy because defendant, who was serving a sentence in a state correctional institution, had filed a demand for a speedy trial and because Schmahl was unable to inform the state of the nature of his testimony until after the state's witnesses had testified.

■■ Exclusion of testimony is the most drastic sanction for discovery violations. In *State v. Mai,* 294 Or 269, 277, 656 P2d 315 (1982), the Supreme court held:

> "[T]he sanction should be imposed only when no lesser sanction would accomplish the aim of the statute, and then only if the state would be prejudiced if the witness or witnesses were permitted to testify even though the statute had not been complied with."

We conclude that the record in this case did not justify exclusion and that the trial court committed reversible error in refusing to permit Schmahl to testify.

We question whether there was a discovery violation at all. This is not a case in which the defense attorney failed to disclose information available to him. He had disclosed to the prosecutor all that he knew. Further, Schmahl was not a "surprise" witness. The prosecutor knew nine days before the trial that Schmahl would be called to testify, yet he made no attempt to contact him. The prosecutor also did not request a continuance in order to allow him more time to prepare. He made no affirmative showing why the state could not have gone ahead with its evidence and then move for a recess after the eye witnesses had been heard, in order to allow the prosecutor to interview Schmahl after he had heard the eye witnesses' testimony. The prosecutor made no showing of any prejudice beyond the bald assertion that he would be unable to cross-examine Schmahl or rebut his testimony.

■ Because the question may arise on remand, we have considered defendant's other assignment that the trial court erred in denying his motion to dismiss the indictment. He argues that the state was estopped from seeking a grand jury indictment when, after a preliminary hearing on the identical charge, the district court found that there was no probable cause to hold him to answer. He cites no Oregon authority for that proposition, and we know of none. The assignment lacks merit.

Reversed and remanded.