Argued and submitted October 16, peremptory writ issued October 26, 1989

STATE ex rel BEACH,
*Plaintiff-Relator,*

*v.*

NORBLAD,
*Defendant.*

(SC S36522)

781 P2d 349

Lance D. Perdue, Lake Oswego, argued the cause and filed the petition for plaintiff-relator.

Paul J. De Muniz, Salem, argued the cause for defendant. With him on the response was Garrett, Seideman, Hemann, Robertson & De Muniz, P.C.

Stephen E. Dingle and Jaime B. Goldberg, Deputy District Attorneys, Salem, filed a brief on behalf of *amicus curiae* Marion County District Attorney. With them on the brief was Dale W. Penn, Marion County District Attorney, Salem.

GILLETTE, J.

## GILLETTE, J.

This is an original mandamus proceeding. Relator, Judith A. Beach, is the widow of the victim of an alleged burglary and aggravated murder in the Beach home by one John David Manni and an accomplice, Brian Krosge. Manni's murder case is before the defendant Norblad, who is a Circuit Judge for Marion County.

On September 8, 1989, counsel for Manni filed with the defendant a "Motion for Access to Alleged Crime Scene and for Appointment of Special Master." The motion, supported by counsel's affidavit, averred that in order for defendant to receive a fair trial it was necessary for an "independent criminalist" retained on behalf of Manni to have access to the Beach home for approximately six hours, to permit the criminalist "to observe personally the interior of the alleged crime scene and to place in their original position in the premises, a number of items of physical evidence."

On the same day, and after hearing argument on behalf of Manni and the state, the defendant trial judge entered an order that provided as follows:

> "[D]efense attorneys and * * * [the] criminalist, shall have access to [the Beach home] on September 15, 1989, for approximately six hours, beginning at 9:30 a.m."

The matter came back before the defendant trial judge on September 14. This time, in addition to Manni and the state, Mrs. Beach was present and represented by counsel. After hearing argument, the defendant trial judge entered an "Amended Order" providing, *inter alia:*

> "The State of Oregon by and through the Marion County District Attorney's office and Judy Beach shall make available and grant access to the defense attorneys and [the] criminalist, * * * the premises [of the Beach home] * * * on September 15, 1989, beginning at 9:30 a.m. for approximately six hours.

> "Mrs. Beach or her agent may be present while the defense has access to the premises, however, neither she nor her agent shall in any fashion interfere or otherwise obstruct the defense while they are on the premises."

On September 20, 1989, counsel for Manni filed a "Motion to Dismiss," alleging that counsel and the criminalist

had been denied access to the Beach home. A supporting affidavit by one of Manni's counsel explained that the Beach home, which had been "in the control of" the Marion County District Attorney's office for some time after the homicide, had been "released" to Mrs. Beach. Apparently, as was explained to us at oral argument in this case, Mrs. Beach denied access to the premises, and the District Attorney's office maintained that it could not compel access because the home was no longer in its control. (All evidence derived from the state's earlier control of the premises apparently has been disclosed to the defense.)

Before the defendant trial judge could act on the motion to dismiss filed on behalf of Manni, Mrs. Beach applied to this court for a writ of mandamus directing defendant trial judge to vacate his order directing Mrs. Beach to permit access to her home. This court issued an alternative writ of mandamus to the defendant trial judge on October 5, 1989, directing the judge either to vacate his order to Mrs. Beach or to show cause in this court why he had not done so. No similar petition for a writ of mandamus has been filed on behalf of the Marion County District Attorney's office; the order directed to Mrs. Beach is the only issue before us.

From the sparse record before us, it appears that a peremptory writ should issue. Mrs. Beach is not a party to the criminal case. *See State ex rel Roach v. Roth,* 293 Or 636, 639, 652 P2d 779 (1982). Absent party status, counsel has not identified any other basis (and we know of none) under which the defendant trial judge could at this stage of the proceedings issue such an order to Mrs. Beach. She is under no obligation to obey an order that the defendant trial judge lacked authority to issue. We express no opinion as to the efficacy of the order with respect to the State of Oregon or the Marion County District Attorney.

Peremptory writ to issue.