Argued and submitted March 11, conviction affirmed; probation condition requiring weapon to be delivered to attorney vacated; remanded for resentencing; otherwise affirmed June 19, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## LAWRENCE EDWARD JEFFERSON,
*Appellant.*

(DA 392674-8904; CA A64362)

813 P2d 65

David M. Vandenberg, Beaverton, argued the cause and filed the brief for appellant.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave

Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant was convicted of carrying a loaded firearm in violation of Portland City Code § 14.32.010 and unlawful possession of a firearm, ORS 166.250, after an incident in which officers found a gun on the seat of his car. Defendant told the officers that the gun belonged to his wife, who kept it in the glove box. Before the trial, the police returned the gun to her.

On appeal, defendant first argues that his demurrer to the indictment should have been allowed on the ground that the Portland ordinance has been preempted by state criminal law.[1] We answered the same argument contrary to defendant's position in *State v. Long,* 106 Or App 389, 807 P2d 815, *motion for reconsideration allowed, opinion adhered to,* 107 Or App 284, 812 P2d 831 (1991).

The trial court sentenced defendant to two years probation. The record shows that the court was concerned that the gun would be accessible to him, because he shared a home with the owner. It imposed a special condition:

"Weapon to be delivered to atty to be sold and proceeds applied to [court appointed attorney fees]."[2]

Defendant assigns error to that condition, arguing that the trial court had no authority to impose it, because the gun had been returned to the owner and the owner was not under the jurisdiction of the court.

Clearly, the court could not order the owner to turn the gun over to defendant or the court. She was not a party to the proceeding. *See State ex rel Beach v. Norblad,* 308 Or 429, 781 P2d 349 (1989); *State ex rel Roach v. Roth,* 293 Or 636,

---

[1] Defendant also states that he appeals the admission of hearsay statements but makes no further reference to that issue.

[2] The court explained:

"Now, I'm going to require the gun to be turned over to [defendant's counsel], to be sold, and the proceeds from that to go toward Court-appointed attorney's fees. And that way [defendant will] get some good out of it, but at the same time he won't have the gun anymore. And, I think that's a reasonable and fair solution. And, I'll leave that up to you. I'll rely on you as an officer of the Court to obtain the gun from your client, and dispose of it, and whatever it brings is to be applied to the Court-appointed attorney's fees, and if there's any balance I might even — if there's any balance, I might even consider, if you take it up with me, canceling the rest of the debt, if it doesn't bring that much money. Okay?"

639, 652 P2d 779 (1982). However, even though the condition is phrased in the passive voice, it is directed to defendant.

■■     The state argues that the condition was reasonably related to the court's objective of protecting public safety and promoting defendant's rehabilitation. ORS 137.540(2). That argument is correct in the abstract; the court was justifiably concerned that defendant would have access to the gun, because his wife had it. Although a court has broad discretion in setting special conditions of probation, it is bound by the purposes of probation. *State v. Culbertson,* 29 Or App 363, 371, 563 P2d 1224 (1977). Those purposes are not fulfilled by requiring that defendant sell something that does not belong to him. It is undisputed that the police returned the gun to the owner, thereby removing authority over its disposition from the court. Under the facts, the condition that defendant dispose of the gun through his attorney is not reasonably related to the needs of an effective probation. *State v. Asher,* 40 Or App 455, 459, 595 P2d 839, *rev den* 287 Or 149 (1979).

■     Additionally, the condition is contrary to the statutory procedure for disposition of concealed weapons. ORS 166.280. Even assuming that defendant could lawfully obtain the gun from his wife, there is no authority for defendant's counsel, as an "officer of the court," to receive it and be responsible for its disposition. ORS 166.280(1) provides that an unlawfully concealed weapon must be surrendered to the police. They, not some third party designated by the court, have the authority to sell or destroy the weapon. ORS 166.280(2). Because the imposition of the condition was not authorized, the trial court erred by imposing it.

Conviction affirmed; probation condition requiring weapon to be delivered to attorney vacated; remanded for resentencing; otherwise affirmed.