Argued and submitted January 3, conviction vacated; remanded for further
proceedings August 28, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# MARY LOU GALLUP,
*Appellant.*

## (C-8907-33919; CA A62990)

816 P2d 669

Kenneth A. Morrow, Eugene, argued the cause for appellant. With him on the brief was Morrow, Monks & Sharp, P.C., Eugene.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Newman, J.

## JOSEPH, C. J.

Defendant seeks reversal of her conviction for sexual abuse in the first degree. ORS 163.425. She assigns error to the court's ruling that material contained in the district attorney's file was work product and exempt from discovery. ORS 135.855. We vacate the judgment and remand.

Defendant operated a private kindergarten in Roseburg. Her husband and son operated a preschool in Winston. In July, 1988, Jessica Shelly, who had attended both schools for six months in 1986, told the police that defendant, her husband and her son had sexually abused Jessica and other children at school. Defendant was indicted on two counts of sexual penetration with a foreign object. Trial began on September 9, 1988, and ended eight days later, when the court allowed the state's motion to dismiss. In March, 1988, Kelsi Case, who had attended the schools from April, 1985, through June, 1987, had also told the police that she and other children had been sexually abused at the schools. Defendant was indicted for one count of sexual abuse in the first degree and two counts of sexual penetration with a foreign object, arising out of Case's accusations. She was convicted only of sexual abuse in the first degree. She appeals.

Before trial, defendant moved, under ORS 135.815, for discovery of certain information in the district attorney's possession. The district attorney disclosed part of the information. He told the court that the remainder related only to "trial preparation, not investigation." Neither party moved for an *in camera* inspection, and the court did not conduct one. The court ruled that the information was exempt from discovery, because it was the district attorney's work product. ORS 135.855.

■ The court accepted the district attorney's assertion that the information that he had not disclosed was work product and exempt from discovery under ORS 135.855(1)(a):

> "Work product, legal research, records, correspondence, reports or memoranda to the extent that they contain the opinions, theories, or conclusions of the attorneys, peace officers or their agents in connection with the investigation, prosecution or defense of a criminal action."

The file, which is in the record, is comprised in large part of the district attorney's notes of things that witnesses told him during interviews.[1] They contain no opinions, theories or conclusions that could be characterized as work product. The court erred as a matter of law when it ruled that the file was work product exempt from discovery.

Moreover, ORS 135.815 provides:

"Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within the possession or control of the district attorney:

"(1)   The names and addresses of persons whom the district attorney intends to call as witnesses at any state of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons."

Before trial, the district attorney interviewed, among others, Kelsi Case; her mother, Linda Chrz; Carol Brazell, defendant's former employee; and Catherine Park, another student's mother. Each became a witness for the state. The undisclosed information includes the district attorney's handwritten notes of statements of those witnesses regarding events to which they later testified. Those notes were discoverable. ORS 135.815(1); see State v. Warren, 304 Or 428, 432, 746 P2d 711 (1987).

---

[1] Because the district attorney's file was sealed by the court, the parties' arguments here center on a single statement that the district attorney did not disclose until after using it to cross-examine a defense witness. Case had told her mother that, while she was at school, she had talked to Emily Gates and had told her that, if she was "too scared to talk to her mom" about any sexual abuse, she could talk to Case's mother. Case had said to her mother that Emily had responded that she was "too scared to talk about it." Case's mother told the district attorney what Case had said. He made a note:

"Kelsi said if Emily too scared to talk to her mom she could talk to Kelsi's mom or Rosemary Brinkley. Emily said; She would maybe talk to Linda sometime, but now too scared to talk about it."

Gates testified for defendant. On cross-examination, she denied that any conversation with Case had occurred. Nevertheless, defendant objected, asserting that she had no prior knowledge of Case's statement and that she was prejudiced by the state's failure to disclose it. The court ordered the district attorney to disclose it and denied defendant's motion for mistrial and motion in limine to exclude testimony by Case. Defendant does not assign error to the denial of either motion. See State v. Schmid, 80 Or App 545, 549, 723 P2d 334 (1986).

■ Failure to comply with the discovery statute, however, requires reversal only if defendant was prejudiced by the failure to disclose. *State v. Johns,* 44 Or App 421, 427, 606 P2d 640, *rev den* 289 Or 1 (1980). We cannot say on this record whether defendant was prejudiced in the presentation of her defense by the denial of disclosure. We vacate the judgment and remand the case for an *in camera* inspection of the undisclosed information. If there are discoverable statements by witnesses and defendant has been prejudiced in not having had the notes for cross-examination, the court shall order a new trial. *See State v. Warren, supra,* 304 Or at 435. Otherwise, it shall re-enter the judgment of conviction.

■ Defendant also assigns error to the court's denial of her motion to dismiss on the ground of former jeopardy. She asserts that she was separately prosecuted for two or more offenses that were based on the same criminal episode, ORS 131.515(2),[2] because she could have been found guilty in the trial on the Shelly indictment for sexual abuse that might have occurred at the same time that Kelsi Case may have been sexually abused.

ORS 131.505(4) provides:

"'Criminal episode' means continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

In *State v. Boyd,* 271 Or 558, 565, 533 P2d 795 (1975), the court adopted this test for a "criminal episode":

"[T]he two charges arise out of the same act or transaction if they are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge."

---

[2] ORS 131.515(2) provides:

"No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

Defendant does not contend that the prohibition of double jeopardy under Article I, section 12, of the Oregon Constitution differs from the prohibition in ORS 131.515(2). For the purposes of this case, at least, the statute reiterates the constitutional prohibition. *State v. Knowles,* 289 Or 813, 821 n 7, 618 P2d 1245 (1980); *State v. Blair,* 75 Or App 12, 16, 705 P2d 752, *rev den* 300 Or 180 (1985).

Defendant's argument that any sexually abusive conduct toward the two girls was closely linked, because it might have occurred at or about the same time, is conjecture. Moreover, Case related a complete account of her own alleged sexual abuse without relating any details of any alleged sexual abuse of Shelly. The court did not err when it denied defendant's motion to dismiss on the ground of former jeopardy.

■ Defendant also assigns error to denial of her motions either to make physical evidence available for her to examine or to exclude it. She argues that the genitalia of Case and Shelly were tangible objects in the district attorney's possession and subject to discovery under ORS 135.815(4).[3] Even assuming that genitalia are tangible objects within the meaning of the discovery statute, the district attorney had no custodial relationship with either girl that gave him authority to compel an examination. *See State ex rel Upham v. Bonebrake,* 303 Or 361, 364, 736 P2d 1020 (1987). It is of no consequence that Case's mother allowed her to be examined by a pediatrician who testified for the state. *See State ex rel Beach v. Norblad,* 308 Or 429, 432, 781 P2d 349 (1989).

Defendant also had no right to compel examinations under either Article I, section 11, of the Oregon Constitution, *see State ex rel O'Leary v. Lowe,* 307 Or 395, 403, 769 P2d 188 (1989), or the Sixth and Fourteenth Amendments. *See Weatherford v. Bursey,* 429 US 545, 559, 97 S Ct 837, 51 L Ed 2d 30 (1977).

Conviction vacated; remanded for proceedings not inconsistent with this opinion.

---

[3] ORS 135.815 provides:

"Except as provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within the possession or control of the district attorney:

"* * * * *

"(4) Any books, papers, documents, photographs or tangible objects:

"(a) Which the district attorney intends to offer in evidence at trial; or

"(b) Which were obtained from or belong to the defendant."