Argued and submitted June 19, reversed and remanded for further proceedings September 10, 1997, petition for review denied January 27, 1998 (326 Or 389)

STATE OF OREGON,
ex rel Daniel S. GLODE,
District Attorney for Lincoln County,
*Appellant,*

*v.*

Honorable Thomas O. BRANFORD,
Judge of the District Court of the
State of Oregon for Lincoln County,
*Respondent,*

*and*

Halray Maynard HARMAN,
*Intervenor-Respondent.*

(954397; CA A92910)

945 P2d 1058

Janet A. Klapstein, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Steven H. Gorham argued the cause and filed the brief for intervenor-respondent.

No appearance for respondent Honorable Thomas O. Branford.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

The state appeals an order dismissing the petition for an alternative writ of mandamus filed by the state on behalf of the Lincoln County District Attorney. We reverse.

The action underlying the mandamus proceeding was a charge of driving under the influence of intoxicants (DUII) after intervenor Harman (Harman) was arrested by Waldport Police Chief Johnson in June 1993. Harman's attorney filed a motion to compel discovery that included a request that the district attorney provide information in Johnson's personnel file "from 1983 to present which is exculpatory or which is material to the preparation of a defense or useful to the defendant for impeachment purposes." Defendant judge granted the motion in June 1994, ordering the district attorney to submit an affidavit from a person

> "personally familiar with the contents of Keith Floyd Johnson's police personnel records with the City of Waldport, which affidavit shall recite whether or not those records contain any evidence of perjurious conduct or other like dishonesty which is, or may be, material to this case."

The order stated that, if the prosecution failed to comply, it was to submit Johnson's entire personnel records with the City of Waldport to the court for an *in camera* inspection.

The state sought reconsideration of the order because the prosecution did not have possession or control of the records. Both the city and Johnson's counsel also objected to release of the records. The prosecutor submitted an affidavit memorializing his inability to comply with the order, and, in June 1995, defendant judge issued an order affirming, in modified form, its original June 1994 order. The second order concluded that the failure of the prosecutor to comply "will result in Chief Johnson being prohibited from testifying during the trial."

Subsequently, the prosecutor filed an affidavit stating that, in the records he was permitted to inspect, there were no exculpatory matters. Harman's counsel then sought reconsideration in order to clarify whether the prosecutor must produce only records of the City of Waldport, or must

also produce those of other police agencies for whom Johnson had worked since 1983. In August, the court issued a clarifying order ordering the district attorney to "comply with the mandate" for the personnel files of Johnson at Sutherlin Police Department, the Lane County Sheriff's Office and the Portland Police Department.

The prosecutor sought reconsideration based on his inability to exercise control over out-of-county police agencies. On reconsideration, defendant judge issued an order in September 1996, ordering the prosecution to comply and concluding:

> "The State is not mandated to order any out-of-county police department to do anything, but is advised that Chief Johnson faces exclusion as a witness at trial in this case (ORS 135.865) if the Court's Order is not followed. Compliance with this Order may be effected by the District Attorney obtaining the information through a request to the identified agencies or by Chief Johnson securing the required records on his own."

In October 1995, the state, on behalf of the district attorney, filed the mandamus proceeding, on which this appeal is based, in circuit court, requesting, *inter alia*, an order setting aside the orders compelling discovery. The circuit court ordered defendant judge to rescind its orders or to show cause why they should not be withdrawn. Harman then moved to intervene in the mandamus proceeding and moved to dismiss the mandamus under ORCP 21 A(8) for failure to state a claim. In support, Harman argued that defendant judge's order was discretionary and that mandamus may not be used to control judicial discretion. Alternatively, Harmon asserted that the state had a plain, adequate, and speedy remedy at law through direct appeal. After oral argument, the circuit court ordered that the mandamus proceedings be dismissed.

■ The state argues that the court erred in dismissing the mandamus proceedings. On an appeal from a motion to dismiss under ORCP 21 A, we consider as true the facts alleged in the defendant's pleadings, then determine whether those pleadings and reasonable inferences therefrom state a claim as a matter of law. *Anderson v. Evergreen International*

*Airlines, Inc.*, 131 Or App 726, 728, 886 P2d 1068 (1994), *rev den* 320 Or 749 (1995).

We dispose first of Harman's response on appeal.[1] He argues that the only issue is whether the state had an adequate remedy at law by way of direct appeal. He argues that, because ORS 138.060 allows the state to appeal an order suppressing evidence made before trial, it could have appealed the suppression of Johnson's testimony if it did not comply with the order. He contends that, because direct appeal is available, mandamus is not the proper remedy.

■  Harman is incorrect. In *State v. Langlois*, 287 Or 503, 600 P2d 872 (1979), the trial court had denied the state's motion for a protective order after the defendant had moved for discovery of the officer's notes. The state informed the court that it would not turn over the notes and suggested that the court could suppress the officer's testimony so that the state could appeal. The trial court followed the suggestion. The Supreme Court held that the appeal should be dismissed:

> "The problem is caused by ORS 138.060 which limits the orders from which the state can appeal. The state can appeal from an order suppressing evidence, but it has no right of appeal from an order allowing discovery against it. Under facts which we regard as legally identical to those in the present case we held in *State v. Koennecke*, 274 Or 169, 173-174, 545 P2d 127 (1976), that the state was not entitled to appeal." *Id.* at 505.

In *Koennecke*, 274 Or at 174, the court noted that, to allow the state to appeal under such circumstances "would permit the state to appeal from all orders requiring it to produce evidence by first refusing to produce that evidence[.]" The state here did not have a right to direct appeal. Mandamus was proper to challenge the court's order allowing discovery. We turn to the state's argument that the trial court erred in dismissing the petition.

ORS 34.110 allows the issuance of a writ of mandamus to an inferior court "to compel the performance of an act which the law specifically enjoins, as a duty resulting from an

---

[1] Defendant judge did not appear on appeal.

office, trust or station[.]" The writ may require such court to exercise judgment but "it shall not control judicial discretion." *Id.* Here, the circuit court dismissed the mandamus action primarily because it concluded that a district court's regulation of discovery in criminal cases was a matter of judicial discretion. We agree with the state that, although the court was correct that mandamus will not lie to control discretion, it erred in concluding that the district court had authority to exercise discretion in the manner that it did here.

Discretion refers to the power or authority to act unhampered by a legal rule, such as where a court may choose between any one of several permissible courses of action. *State ex rel Maizels v. Juba,* 254 Or 323, 330, 460 P2d 850 (1969). However, the application of the correct rule of law to the facts as determined by the court involves judicial judgment, not discretion. *State ex rel Bethke v. Bain,* 193 Or 688, 703, 240 P2d 958 (1952). Under ORS 135.865,[2] a trial court has broad discretion in imposing sanctions for a party's failure to comply with discovery. However, the exercise of that discretion is not coextensive with ordering discovery. Discovery is bounded by statutory or constitutional constraints, and it is a question of law whether the trial court has exceeded its authority in ordering discovery. *State ex rel Beach v. Norblad,* 308 Or 429, 781 P2d 349 (1989); *State ex rel Upham v. Bonebrake,* 303 Or 361, 736 P2d 1020 (1987); *State v. Gallup,* 108 Or App 508, 513, 816 P2d 669 (1991).

Here, defendant judge did not identify the ground on which he ordered discovery. The circuit court held that the order was authorized, either under *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), or statutes regulating criminal discovery. The state contends that there is no statutory or constitutional basis for the order and that the order, in effect, requires the state to be an "investigating arm of the defense." We agree.

---

[2] ORS 135.865 provides:

"Upon being apprised of any breach of the duty imposed by provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the materials not disclosed, or enter such other order as it may consider appropriate."

Although ORS 135.865 authorizes a court to impose sanctions on a party who violates ORS 135.805 *et seq*, the personnel records sought by the defense do not come within the information and material required to be disclosed to a defendant under those provisions. Under ORS 135.815(1), the prosecutor must provide names and addresses, along with their relevant written statements, of persons whom the prosecutor intends to call as witnesses. Under ORS 135.815(4), the prosecutor must provide books, papers, and documents that the prosecutor intends to offer in evidence or that have been obtained from the defendant. The personnel records sought by defendant here are neither state's witnesses nor state's exhibits.

The personnel records also do not come within the provisions of ORS 135.873. That statute authorizes protective orders for records, not the disclosure of records. The records also do not come within ORS 136.580,[3] which the state suggests is the "only arguable statutory authority for the court's action." That statute authorizes documents to be produced that are described in a subpoena. Here, Harman never issued a subpoena, and there was no motion for production of documents described in a subpoena.

Additionally, the records sought here were those of a person who was not a party to the criminal proceeding and, consequently, a party not subject to an order compelling production. *See, e.g., Norblad*, 308 Or 429 (trial judge without authority to order access to crime scene when owner of home not a party to the criminal case); *State ex rel O'Leary v. Lowe*, 307 Or 395, 769 P2d 188 (1989) (trial judge exceeded authority in ordering district attorney to make available to defendants' counsel for interview children who might have been eyewitnesses to a child's death). Furthermore, the order directed the District Attorney of Lincoln County to obtain out-of-county records, when those records were not subject to

---

[3] ORS 136.580(2) provides:

"Upon the motion of the state or the defendant, the court may direct that the books, papers or documents described in the subpoena be produced before the court prior to the trial or prior to the time when the books, papers or documents are to be offered in evidence and may, upon production, permit the books, papers or documents to be inspected and copied by the state or the defendant and the state's or the defendant's attorneys."

his control or in his possession. *Compare State ex rel Wilson v. Thomas*, 74 Or App 137, 700 P2d 1045, *rev den* 300 Or 64 (1985) (in prosecution for violation of city code, Internal Investigations Division answerable to chief of police, who in turn is responsible to city, the prosecuting authority; held: statements of officer to Internal Investigations Division as to circumstances of arrest were subject to disclosure).[4]

In short, there was no statutory authority for the district court's order. Nor was there constitutional authority for that order. The state acknowledges that *Brady* material includes evidence that may be used for impeachment, *United States v. Bagley*, 473 US 667, 105 S Ct 3375, 87 L Ed 2d 481 (1985), but contends that *Brady* is not authority for a defendant to seek evidence of unknown import to determine whether it helps or hurts a case. *Koennecke*, 274 Or at 181. The state is correct. A defendant must make some predicate showing that the information sought is both favorable and material. *Id.* at 179; *State ex rel Dooley v. Connall*, 257 Or 94, 475 P2d 582 (1970). Here, Harman failed to make *any* showing as to how Johnson's personnel records were relevant to Harman's DUII arrest.[5]

Defendant trial judge exceeded a court's authority in ordering inspection of Johnson's personnel records "from 1983 to the present." The circuit court erred in dismissing the petition for writ of mandamus.

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

[4] The order here also ordered, as an alternative to district attorney inspection, inspection by a third party. In the absence of statutory authority, independent investigation by third parties cannot be ordered. *See State ex rel Dugan v. Tiktin*, 313 Or 607, 837 P2d 959 (1992) (trial court without statutory authority to delegate court's authority to conduct *in camera* review of CSD file to district attorney); *State ex rel Carlile v. Lewis*, 310 Or 541, 800 P2d 786 (1990) (court cannot delegate *in camera* inspection to defense counsel).

[5] Harman asserted only that Johnson's "credibility is in question in this case."