Argued and submitted February 24, judgment vacated and cause remanded October 8, reconsideration denied December 5, 1986, petition for review pending 1987

STATE OF OREGON,
*Respondent,*

*v.*

GEORGE EDWARD WARREN,
*Appellant.*

(10 84 04801; CA A36855)

726 P2d 387

Robert J. McCrea, Eugene, argued the cause and filed the brief for appellant.

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Solicitor General, Salem.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant seeks reversal of his jury conviction for sexual abuse and sodomy. ORS 163.425; ORS 163.405. He asserts that the trial court erred in denying him access to the Children's Services Division (CSD) file, other than to the materials selected and summarized by the CSD caseworker; he also claims that the court erred in permitting testimony that defendant had admitted taking baths with other female children on the ground that it had no probative value and prejudiced him in the eyes of the jury, because the crimes with which he was charged allegedly occurred during a bath.

■     Defendant moved for the state to produce and disclose the CSD file of complainant and her mother, relying on ORS 135.815, which mandates:

"[T]he district attorney shall disclose to the defendant the following material and information within the possession or control of the district attorney:

"(1)   The names and addresses of persons whom the district attorney intends to call as witnesses at any state of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons."

The motion was denied, as was a motion to reconsider. The state had produced a copy of the caseworker's single page summarized report before trial, after it had asked the caseworker to release anything from the file that she considered relevant. The district attorney, however, did not go through the file to determine the relevancy of its contents. On the day of trial, defendant moved again to be allowed to inspect the file. The state argued that the contents of the file were confidential, and the trial court agreed. The court acknowledged that defendant has a constitutional right to material evidence relating to guilt or punishment under *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), but said that defendant had failed to show that any relevant materials had not been disclosed and that it was not the court's job to serve as "file inspector" to conduct an *in camera* review.

In *State v. Johns,* 44 Or App 421, 426, 606 P2d 640, *rev den* 289 Or 1 (1980), we concluded that notes made by a

CSD caseworker about a conversation which she had had with a witness were written statements of the witness and were in the control of the district attorney for the purpose of discovery. ORS 135.815. We reversed and remanded for the trial court to examine the caseworker's file *in camera* to determine whether it contained notes of the conversation testified to and whether the notes contained material inconsistencies with the witness's testimony. 44 Or App at 427.

The state argues that *Johns* is not controlling, because in that case the prosecutor had called the CSD caseworker as a witness and it was that which caused her notes of a conversation with the complainant to be a "statement of a witness" subject to ORS 135.815. According to the state, in this case the prosecutor did not call the CSD caseworker as a witness and, therefore, her notes cannot be a statement of a witness. The statutory language, however, also includes reference to "memoranda of any oral statements" of witnesses for the state. The caseworker took notes during interviews with complainant and her mother, both of whom testified against defendant. The notes of those conversations would be memoranda of oral statements by the state's witnesses in the control of the district attorney. *See, e.g., State v. Fritz,* 72 Or App 409, 695 P2d 972, *rev den* 299 Or 313 (1985).

The state also argues that the notes are not discoverable, because CSD files are confidential. We addressed that precise issue in *State v. Johns, supra,* 44 Or App at 426:

"The state having offered the testimony of a witness cannot claim the written notes concerning information about which the witness testified are protected from disclosure by the cloak of confidentiality."

We hold that the notes of the caseworker's conversations with witnesses regarding the events to which they testify are subject to discovery. The judgment of conviction is vacated. The case is remanded to the court for an *in camera* examination of the caseworker's file to determine whether it contains notes of the statements made by complainant and her mother and whether those notes contain any statements from which a jury could reasonably infer an inconsistency. As we said in *State v. Johns, supra,* 44 Or App at 427, if there are inconsistencies and if defendant has been prejudiced in not having had

the notes for cross-examination, then the court shall make those findings and order a new trial. Otherwise, the court shall enter a new judgment of conviction.[1]

■ Defendant also assigns error to the trial court's admission of testimony by the mother that she allowed her daughter to take a bath with defendant because he had said that other mothers had let him take baths with their children. He argues that the inadmissibility of evidence of other sexual misconduct (or other bad acts, generally) with children other than the alleged victim is irrefutably established. *State v. Pace,* 187 Or 498, 212 P2d 755 (1949); *State v. Sicks,* 33 Or App 435, 576 P2d 834 (1978). The mother's statement in this case, however, does not in terms assert sexual misconduct; although it refers to defendant's bathing practices, it does not allege or state in fact that he participated in sexual misconduct. Prior crime or other bad act analysis does not apply to the testimony.

■ Defendant also argues that the prejudicial quality of the statement outweighs any probative value it could have. OEC 403 provides that relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice. The state argues that the mother's statement is probative to show that the circumstances surrounding the alleged misconduct made that conduct probable and therefore that guilt of the alleged crimes is probable. Our review of the trial court's decision to admit the testimony is limited to review for an abuse of discretion. *State v. White,* 71 Or App 299, 302, 692 P2d 167 (1984), *rev den* 298 Or 705 (1985). In *Carter v. Moberly,* 263 Or 193, 201, 501 P2d 1276 (1972), the court said:

> "It may be that the record will support either admission or exclusion; if so, the trial court's ruling will be affirmed, regardless of which solution we prefer."

We cannot say, on this record, that the trial court's decision to admit the mother's testimony is beyond the bounds of its discretion.

---

[1] We note that the caseworker testified that she destroyed her notes after summarizing the interviews. The trial court did not address that issue, and no party asserts that that fact, if fact it be, is relevant to this appeal.

Judgment vacated; remanded for further proceedings not inconsistent with this opinion.