Argued and submitted September 30, remanded for further proceedings November 12, 1986, reconsideration denied January 16, petition for review allowed March 10, 1987
(303 Or 74)

STATE OF OREGON,
*Respondent,*

*v.*

PAULA ANN GRAVILLE,
*Appellant.*

(10-84-07904; CA A38105)

728 P2d 561

Lawrence J. Hall, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr.,

Solicitor General, and Jeff Ellis, Certified Law Student, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant appeals her conviction for sexual abuse in the first degree, ORS 163.425(1)(a)(A), contending that the trial court erred in denying her access to the Children's Services Division (CSD) file pertaining to the victim and in requiring her to submit to random polygraph examinations as a condition of probation.

The CSD file is subject to discovery. *State v. Warren,* 81 Or App 463, 726 P2d 387 (1986). Because discovery was denied, the judgment of conviction is vacated, and the case is remanded to the trial court for an *in camera* examination of the file to determine whether it contains any material that would either exculpate defendant or aid in cross-examination of witnesses. If the file contains such material, and if defendant has been prejudiced by not having had that material, then the court shall order a new trial. Otherwise, the court shall enter a new judgment of conviction. *State v. Warren, supra; State v. Johns,* 44 Or App 421, 606 P2d 640, *rev den* 289 Or 1 (1980).

We address defendant's second assignment of error only because the issue may arise on remand. As a condition of probation a court may impose the requirement that the probationer submit to polygraph examinations, if it is reasonably necessary to accomplish the purpose of probation. *State v. Age,* 38 Or App 501, 508-509, 590 P2d 759 (1979); *see State v. Behar,* 39 Or App 503, 592 P2d 1056 (1979). Defendant urges us to overrule *Age* and *Behar,* citing as authority *State v. Brown,* 297 Or 404, 687 P2d 751 (1984), which held only that "upon proper objection polygraph evidence shall not be admissible in any civil or criminal trial in this state or other legal proceeding subject to the rules of evidence under the Oregon Evidence Code." 297 Or at 445. *Brown* does not prohibit the use of polygraph examinations as a condition of probation.

Judgment vacated; remanded for further proceedings consistent with this opinion.