Argued and submitted April 9, decision of Court of Appeals affirmed, judgment vacated and remanded to trial court for further proceedings December 8, 1987, reconsideration denied February 2, 1988

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## GEORGE EDWARD WARREN,
*Respondent on Review.*

(TC 10 84 04801; CA A36855; SC S33462)

746 P2d 711

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause and filed the briefs for petitioner on review.With her on the briefs were Dave Frohnmayer, Attorney General, and Virginia Linder, Solicitor General, Salem.

Robert J. McCrea, Eugene, argued the cause and filed the brief for respondent on review.

CAMPBELL, J.

## CAMPBELL, J.

This case presents the question whether Children's Services Division (CSD) files, containing memoranda of statements of the state's witnesses in the prosecution of sodomy and sexual abuse charges, must be made available to the defense and, if so, how. We hold that CSD files are discoverable by means of *in camera* inspection by the trial court.

### I

A woman's report of sexual abuse of her seven-year-old daughter led to the filing of criminal charges against defendant for sodomy and sexual abuse in the first degree. CSD interviewed the mother and daughter, evaluated them and offered counseling services. Notes and evaluations were compiled in a CSD case file.

Prior to trial defendant filed a discovery motion pursuant to ORS 135.815. The state turned over police investigatory reports and materials from CSD files selected and summarized by the CSD caseworker. Defendant moved for a court order to compel CSD to disclose all information in its case file pertaining to the victim and her mother who were to be material witnesses against him. He relied on the discovery statutes, the Sixth Amendment of the United States Constitution and Article I, section 11, of the Oregon Constitution. Neither the trial court nor the district attorney reviewed the CSD file. The trial judge denied the motion. A jury found defendant guilty of the crimes charged.

The Court of Appeals vacated the judgment and remanded the case for *in camera* review by the trial judge, holding that the notes of the caseworker's conversations with witnesses regarding the events to which they testified are subject to discovery. *State v. Warren,* 81 Or App 463, 726 P2d 387 (1986). We affirm.

### II

A criminal defendant's "right" to discover evidence available to the prosecution is premised on both constitutional and statutory principles. The due process clause of the federal constitution prohibits a prosecutor from withholding evidence favorable to the defense and material to the question of guilt or punishment. *Brady v. Maryland,* 373 US 83, 83 S Ct 1194,

10 L Ed 2d 215 (1963). That clause also forbids compelling disclosure of information from the defense unless the state has a reciprocal disclosure obligation. *Wardius v. Oregon,* 412 US 470, 93 S Ct 2208, 37 L Ed 2d 82 (1973). This court has not considered discovery questions under Article I, section 11, of the Oregon Constitution.

■ Both the state and defendant raise constitutional arguments in this case. Constitutional interpretation is required only if a law does not otherwise provide for disclosure of information to which the defense must have access in order to "meet the witnesses face to face," Article I, section 11, Oregon Constitution, "to be confronted with the witnesses against him," Amendment VI, U. S. Constitution, or to receive "due process of law," Amendment XIV, U. S. Constitution. *See Pennsylvania v. Ritchie,* 480 US ___, 107 S Ct 989, 94 L Ed 2d 40 (1987); *see also State ex rel Dooley v. Connall,* 257 Or 94, 103, 475 P2d 582 (1970).

ORS 135.815(1) requires the disclosure defendant seeks in this case; ORS 418.770 makes CSD files confidential under certain circumstances. As we interpret the confidentiality statute in conjunction with the discovery statute, we discern no impediment to disclosure in this case. We need not consider the constitutions.[1]

### III

Two questions arise. First, what must be disclosed to defendant. Second, how must disclosure occur.

ORS 135.815(1) provides:

"Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within the possession or control of the district attorney:

"(1) The names and addresses of persons whom the district attorney intends to call as witnesses at any state of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons."

■ Both the complainant and her mother testified for

---

[1] For this reason, we do not consider a defendant's constitutional entitlement to government files where no statute compels disclosure. See *Pennsylvania v. Ritchie,* 480 US ___, 107 S Ct 989, 94 L Ed 2d 40 (1987).

the state. The CSD caseworker made notes during interviews with them. These notes are "memoranda of any oral statements of [persons whom the district attorney intends to call as witnesses]," and ordinarily would be subject to discovery by the defense.

The state presents two reasons for an exception to this rule. First, it asserts that CSD files are confidential by statute. Second, it contends that CSD files are not "within the possession or control of the district attorney" as that term is used in the discovery statute.

By statute confidentiality of CSD files is not absolute. ORS 418.770 provides that CSD records are "not accessible for public inspection." Nonetheless, disclosure is mandatory in a number of circumstances, ORS 418.770(1), and permissive in others, ORS 418.770(2). CSD must disclose information from its files to "[a]ny law enforcement agency * * * for the purpose of subsequent investigation of child abuse." ORS 418.770(1)(a); *see also* OAR 412-01-160. Further, by rule CSD must disclose its files to the district attorney. OAR 412-01-145.[2] Law enforcement agencies and physicians to whom disclosures are made are obliged to keep the information confidential. ORS 418.770(3).

In *State v. Johns,* 44 Or App 421, 606 P2d 640, (1980), the Court of Appeals remanded the case to the trial court for *in camera* review of notes of a CSD caseworker who was called as a witness by the state. Since the decision in *Johns,* the legislature has broadened disclosure of CSD files. In 1980 when *Johns* interpreted ORS 418.770, the statute required disclosure to police, child abuse registries and physicians with no provision for disclosure in any other circumstance.[3] In 1983

---

[2] OAR 412-01-145(2) provides:

"CSD shall assist in the protection of a child who is believed to have been abused or neglected by providing information as needed to:

"* * * * *

"(b) The district attorney;

"* * * * *"

[3] In fact, subsection (3) of ORS 418.770 (Or Laws 1979) restricted disclosure as follows:

"No officer or employe of the Children's Services Division, any social service agency, any law enforcement agency or any physician shall release any information not authorized by subsection (1) of this section."

and again in 1985 the legislature expanded both mandatory and permissive disclosures. Or Laws 1983, ch. 153, § 1; Or Laws 1985, ch 601, § 1.[4]

■ ■ It is significant that one purpose to be served by disclosure is to assist criminal investigations. The police have access to information in CSD files to investigate charges of child abuse. In a prosecution, the prosecutor is responsible for evidence in the possession of the police. *State v. Koennecke,* 274 Or 169, 545 P2d 127 (1976). There this court upheld the trial judge's order suppressing a prosecution witness's testimony because police officers refused to produce their revolvers for inspection. This court would not excuse the state's failure to produce the revolvers upon the ground that the officers refused to make them available.[5] And, of course, information that the prosecutor may obtain directly is within the prosecutor's "control" as well, even if it was not in the prosecutor's physical possession. So much of the files as would be pertinent to the investigation, and is required to be disclosed to the defendant under the discovery statute, must be made available to him.

## IV

■ ORS 135.805(2) defines "disclose" to mean "to afford the adverse party an opportunity to inspect or copy the material." In the absence of countervailing confidentiality concerns, this is the normal method of disclosure. However, it is an inadequate method when CSD files are involved. Difficulties arise with defense attorneys' potentially divided loyalties and *pro se* defendants whose obligation of confidentiality cannot be ensured, or to whom disclosure would have an adverse affect on the child. For these reasons, the Court of Appeals was correct to order *in camera* inspection by the trial judge, rather than permit defendant and defense attorney direct access to the files.

---

[4] CSD may disclose its reports and records to "any person * * * court * * * agency * * * when the division determines that such disclosure is necessary to * * * investigate, prevent or treat child abuse * * *." ORS 418.770(2). The division is required to make records available to law enforcement agencies, child abuse registries, physicians, the child's attorney and citizen review boards. ORS 418.770(1).

[5] *See also State ex rel Wilson v. Thomas,* 74 Or App 137, 700 P2d 1045 (1985); *State v. Johnson,* 26 Or App 651, 554 P2d 624 (1976). We agree with the Court of Appeals that, with regard to investigation of crime, "[t]he police are an arm of the prosecution for the purposes of the discovery statute. * * *." 74 Or App at 141.

In *Chandler v. State,* 230 Or 452, 370 P2d 626 (1962), a father sought access to Welfare Department files in a custody hearing. The files were privileged by statute. ORS 411.320; 419.567(2). This court held that "complete denial of access to the file was wrong." 230 Or at 457. The reasons why are somewhat imprecise,[6] but the basis for the court's conclusion might have been statutory. The court stated: "It could not be contended that the statutes mentioned [making the files privileged] were intended to deny to the proper court the right to control these files, evidence, reports and the like that are material to the exercise of the court's jurisdiction and functions." 230 Or at 457. The court relied on *Jencks v. United States,* 353 US 657, 77 S Ct 1007, 1 L Ed 1103 (1957), a criminal case allowing defendant access to FBI records after *in camera* review by the trial court, and ruled that the trial court should examine the file and make relevant evidence available to the father's attorney.

■ An *in camera* inspection is one conducted "[i]n chambers; in private." Black's Law Dictionary 892 (4th ed 1957). ORS 135.873 allows *in camera* review by the trial judge when a party shows good cause for restricted disclosure. The statute does not specify how *in camera* proceedings are to be conducted, perhaps because they are not all the same. *See State v. Blake,* 292 Or 486, 488-89, 640 P2d 605 (1982). An *in camera* hearing could mean a hearing "out of the presence of the jury and the public," raising questions under Article I, sections 10 and 11, of the Oregon Constitution. *See State v. Blake, supra,* 292 Or at 490 (Lent, J. dissenting) quoting language from the former Oregon Evidence Code. An *in camera* inspection of confidential files contemplates a judge's private review of the files, without the presence of the parties or attorneys. The purpose of any *in camera* procedure, of course, is to allow the trial judge to examine evidence in a manner best designed to protect the confidences at stake.[7]

---

[6] For example, the court stated:

"It would be unthinkable to say that an agency of the state may seize a person's child and then be the sole judge of how much of the evidence in respect to the agency's conduct it will refuse to divulge." *Chandler v. State,* 230 Or 452, 457, 370 P2d 626 (1962).

[7] This case illustrates the general rule that the trial judge's inspection suffices for discovery purposes. We do not foreclose the possibility that "[u]pon a proper showing before a reviewing court, it may be that the refusal by the trial court to permit a

For these reasons, we agree with the Court of Appeals that *in camera* review by the trial judge of CSD files, as guided by defendant's discovery request, is required. On remand the trial judge should examine the file *in camera* to determine whether there exists exculpatory evidence that should be made available to the defendant.

The decision of the Court of Appeals is affirmed. The judgment is vacated. The case is remanded to the trial court for further proceedings not inconsistent with this opinion.

---

defendant to inspect statements given to juvenile court officers would be deemed a prejudicial restriction on the right to cross-examine an accuser * * *." *State v. Nice,* 240 Or 343, 346, 401 P2d 296 (1965).