Argued and submitted April 9, decision of Court of Appeals affirmed, judgment vacated and remanded to trial court for further proceedings December 8, 1987, reconsideration denied February 2, 1988

# STATE OF OREGON,
*Petitioner on Review,*

*v.*

# PAULA ANN GRAVILLE,
*Respondent on Review.*

(TC 10 84 07904; CA A38105; SC S33503)

746 P2d 715

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for petitioner on review. Jonathan H. Fussner, Assistant Attorney General, Salem, filed the petition for review for petitioner on review. With him on the briefs were

Dave Frohnmayer, Attorney General, and Virginia Linder, Solicitor General, Salem.

Lawrence J. Hall, Salem, argued the cause for respondent on review. With him on the brief was Gary D. Babcock, Public Defender for Oregon, Salem.

CAMPBELL, J.

## CAMPBELL, J.

We take review in this case, together with *State v. Warren,* 304 Or 428, 746 P2d 711 (1987), also decided today, to decide whether Children's Services Division (CSD) files pertaining to the victim of sexual abuse can be discovered by the defendant. We hold that they can be subject to limitations.

CSD became involved with the child victim in this case during the prosecution of his stepfather for sexual offenses. After the child reported that his mother, the defendant in the present case, also had abused him sexually, CSD took jurisdiction of this child and his sister.

Defendant was charged with sodomy and sexual abuse in the first degree. She sought access to CSD's case file about the victim. At arguments before the trial judge she asserted this discovery right as a requirement of *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), and *Wardius v. Oregon,* 412 US 470, 93 S Ct 2208, 37 L Ed 2d 82 (1973), both of which interpret the federal due process clause.[1] At defendant's urging the prosecutor reviewed the file. He found no exculpatory material. The trial court denied defendant's discovery motion. Upon a second trial, a jury found defendant guilty of sexual abuse in the first degree.

The Court of Appeals reversed and remanded the case for an *in camera* inspection of CSD files by the trial judge. It stated that the "CSD file is subject to discovery," citing its opinion in *State v. Warren,* 81 Or App 463, 726 P2d 387 (1986). We affirm.

■ Distinctions exist between *State v. Warren* and the present case which deserve discussion. In *State v. Warren,* defendant sought to review CSD files for statements of witnesses for the state. We held that the CSD files are in the "possession or control" of the district attorney for purposes of ORS 135.815. Therefore the defendant was entitled to discover information as enumerated in that statute. We held that the method of disclosure best designed to preserve the confidentiality of the files is an *in camera* review by the trial court.

---

[1] Defendant does not raise and we do not consider whether Article I, section 11, of the Oregon Constitution requires anything more or different than the federal due process clause.

We remanded *Warren* for such an *in camera* review. To the extent that defendant's discovery request encompasses written or recorded statements of a witness or memoranda of any oral statements of a witness, ORS 135.815 (1) allows defendant access to them via *in camera* inspection by the court.

Defendant's motion sought access to the entire file. No statute compels such broad discovery. The United States Supreme Court has recently considered the requirements of due process with regard to confidential government files in *Pennsylvania v. Ritchie,* 480 US ___, 107 S Ct 989, 94 L Ed 2d 40 (1987). The Court held that the trial court should conduct an *in camera* review of the files compiled and maintained by Pennsylvania's Children's and Youth Services agency to determine whether they contained evidence material to guilt or punishment and must turn over exculpatory evidence to defendant. *Ritchie* controls the present case and requires the trial court to review *in camera* for exculpatory evidence those portions of the file as indicated by the defendant's discovery request. Should any be found, the judge must decide whether such evidence warrants ordering a new trial.

The decision of the Court of Appeals is affirmed. The judgment is vacated. The case is remanded to the trial court for further proceedings not inconsistent with this opinion.