Submitted on record and briefs June 29, 1988, affirmed April 12, 1989

STATE OF OREGON,
*Respondent,*

*v.*

WALTER WAYNE VICTOROFF,
*Appellant.*

(J87-1933, J87-2277, J87-1934,
J87-2284, J87-2066, J87-2285;
CA A46680)

770 P2d 176

Gary D. Babcock, Public Defender, Salem, filed the brief for appellant.

David B. Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant pled guilty to fraudulent use of a credit card, ORS 165.055, two counts of theft II, ORS 164.045, and attempted fraudulent use of a credit card. ORS 161.405(1). The trial court suspended imposition of sentence and placed defendant on five years' probation, one condition of which is that he submit to polygraph examinations. He appeals,[1] and we affirm.

Defendant assigns as error the imposition of the polygraph examination condition. He argues that it exceeds the court's authority in the light of *State v. Brown,* 297 Or 404, 687 P2d 751 (1984). *See also State v. Lyon,* 304 Or 221, 744 P2d 231 (1987). The evidentiary holdings of *Brown* and *Lyon* are irrelevant. ORS 137.540(2)(b) expressly provides that a court may condition probation on a defendant's submission to polygraph examinations.[2] Defendant challenges neither the constitutionality of the statute nor its application to him.

Affirmed.

---

[1] We originally dismissed the appeal in this case on February 22, 1989. 95 Or App 442, 770 P2d 922 (1989). On March 15, 1989, we withdrew that opinion in the light of the Supreme Court's decision in *State v. Donovan,* 307 Or 461, 770 P2d 581 (1989). 95 Or App 581, 770 P2d 922 (1989).

[2] ORS 137.540(2) provides, in part:

"In addition to the general conditions, the court may impose special conditions of probation for the protection of the public or reformation of the offender, or both, including, but not limited to, that the probationer shall:

"* * * * *

"(b) Submit to polygraph examination by a qualified polygraph examiner designated by the court or probation officer under terms and conditions set by the court."

In *State v. Graville,* 84 Or App 253, 728 P2d 561 (1986), *aff'd on other grounds,* 304 Or 424, 746 P2d 715 (1987), we reached the same result without reference to the statute.