Argued and submitted October 10, peremptory writ of mandamus to issue
November 8, 1990

STATE ex rel Jason CARLILE,
*Plaintiff-Relator,*

*v.*

William O. LEWIS,
*Defendant.*

(CC 90010097; SC S37149)

800 P2d 786

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for plaintiff-relator. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Michael E. Swaim, of Swaim & Betterton, P.C., Salem, argued the cause and filed the brief for defendant.

PER CURIAM

## PER CURIAM

This is a mandamus proceeding. On January 30, 1990, Edwin James McLeod, Sr., was charged by indictment with the crime of sexual abuse involving a 10-year-old child. On April 2, 1990, McLeod's attorney wrote to the defendant judge:

"I have served a copy of a subpoena duces tecum on Children's Services Division for the purpose of having the case file of the alleged victim in the above-entitled case * * * delivered to your office on April 10, 1990.

"It is requested that the court conduct an in-camera inspection of said file for the purpose of ascertaining what items, such as the statements of the case worker, the alleged victim or any medical reports or statements by other witnesses the state has mentioned in their police reports, are discoverable. I would also be interested in any exculpatory evidence that might be discoverable under *State v. Warren,* 304 Or 428[, 746 P2d 711] (1987)[,] and *State v. Wattenbarger,* 97 Or App 414[, 776 P2d 1292] (1989)."

After a hearing, the judge ordered:

"NOW, THEREFORE, IT IS HEREBY ORDERED that inspection of Childrens Services Division records in this matter shall be *In Camera* subject to the following conditions:

"1. Defense counsel may review said CSD records provided he shall not disclose the contents thereof to any person except as authorized by the Court. Counsel shall then review any matters counsel believes discoverable with the District Attorney. The District Attorney shall be subject to the same restriction on disclosure as defense counsel.

"* * * * *"

The plaintiff, Linn County District Attorney, petitioned this court for an alternative writ of mandamus, asserting that the defendant judge was without authority to allow defense counsel to inspect the Children's Services Division (CSD) materials and that the judge must himself conduct any *in camera* review of the file outside the presence of the parties to determine whether it contained information that was subject to discovery. We allow the writ.

The issue arises because ORS 135.815(1) requires the district attorney to disclose to a defendant "[t]he names and addresses of persons whom the district attorney intends to call

as witnesses * * *, together with * * * relevant written or recorded statements or memoranda of any oral statements of such persons." Even without the statute, *Brady v. Maryland,* 373 US 83, 87, 83 S Ct 1194, 10 L Ed 2d 215 (1963), holds that the Due Process clause of the federal constitution requires the prosecution to disclose to the defendant evidence that is both favorable to the accused and material either to guilt or to punishment.

On the other hand, ORS 418.770 makes most CSD files confidential. In a similar case, *State v. Warren,* 304 Or 428, 433, 746 P2d 711 (1987), this court held that, because the prosecution has access to information in CSD files to investigate and press charges of child abuse, "[s]o much of the files as would be pertinent to the investigation, and is required to be disclosed to the defendant under [ORS 135.815(1)], must be made available to him."

ORS 135.873 provides for an *in camera* "showing of good cause" for disclosure.[1] In *State v. Warren, supra,* this court held:

"An *in camera* inspection of confidential files contemplates a judge's private review of the files, without the presence of the parties or attorneys. The purpose of any *in camera* procedure, of course, is to allow the trial judge to examine evidence in a manner best designed to protect the confidences at stake." 304 Or at 434. (Footnote omitted.)

ORS 135.873(2) requires an *in camera* inspection. The judge's duty to inspect outside the presence of the parties cannot be delegated to a party or to the party's[2] counsel.

---

[1] ORS 135.873 provides:

"(1) Upon a showing of good cause, the court may at any time order that specified disclosures be denied, restricted or deferred, or make such other order as is appropriate.

"(2) Upon request of any party, the court may permit a showing of good cause for denial or regulation of disclosures, or portion of such showing, to be made in camera. A record shall be made of such proceedings.

"(3) If the court enters an order granting relief following a showing in camera, the entire record of the showing shall be sealed and preserved in the records of the court, to be made available to the appellate court in the event of an appeal. The trial court, in its discretion, may, after trial and conviction, unseal matters previously sealed."

[2] There are other reasons for this holding. CSD records are, by statute, confidential. ORS 418.770. Permitting an attorney for a person charged with a crime to view

We know that some CSD files are voluminous and that *in camera* inspection by the judge may require considerable time. But ORS 135.873 requires that the *in camera* examination be made by the trial judge, not by a party or counsel for a party.

Peremptory writ of mandamus to issue.

---

the files violates the confidentiality that ORS 418.770 aims to attain. (True, examination by the court, in a sense, violates that confidentiality as well. However, that is an inescapable incident of any request that a court view records otherwise made confidential by law.)

*Pennsylvania v. Ritchie,* 480 US 39, 59-61, 107 S Ct 989, 94 L Ed 2d 40 (1987) (plurality opinion), a federal Due Process opinion, states:

"A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the Commonwealth's files. Although the eye of an advocate may be helpful to a defendant in ferreting out information, this Court has never held—even in the absence of a statute restricting disclosure—that a defendant alone may make the determination as to the materiality of the information. Settled practice is to the contrary. * * *

"* * * * *

"To allow full disclosure to defense counsel in this type of case would sacrifice unnecessarily the Commonwealth's compelling interest in protecting its child-abuse information. * * *

"* * * An *in camera* review by the trial court will serve Ritchie's interest without destroying the Commonwealth's need to protect the confidentiality of those involved in child-abuse investigations." (Citations omitted.)