Argued and submitted November 5, 1991, peremptory writ of mandamus to issue
July 30, 1992

STATE ex rel Michael DUGAN,
and Children's Services Division,
Department of Human Resources,
*Plaintiffs-Relators,*

*v.*

Stephen TIKTIN,
*Defendant.*

(SC S38514)

837 P2d 959

Jacob Tanzer, of Ball, Janik & Novack, Portland, argued the cause and filed the brief for defendant.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for plaintiffs-relators. With him on the response to the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

UNIS, J.

## UNIS, J.

■    In Oregon, when an accused in a criminal case seeks pretrial access to a Children's Services Division (CSD) file made confidential under certain circumstances by statute,[1] the trial court, upon a showing of good cause for disclosure,[2] has a statutory duty to examine the file *in camera* to determine whether it contains information to which the accused is entitled. ORS 135.873;[3] *State ex rel Carlile v. Lewis*, 310 Or 541, 543-44, 800 P2d 786 (1990); *State v. Warren*, 304 Or 428, 434, 746 P2d 711 (1987). The question presented in this mandamus proceeding, involving two criminal cases in which this issue has arisen, is whether the trial court may delegate *in camera* review to the district attorney prosecuting the criminal case with respect to the CSD file that CSD claims contains confidential information to which the district attorney does not otherwise have access. We hold that the trial court may not delegate *in camera* review, but must itself perform that duty. Accordingly, we order that a peremptory writ of mandamus issue directing defendant judge, who is the Deschutes County Circuit Court judge before whom the two criminal trials in this proceeding are pending, to withdraw the orders directing the district attorney in each case to obtain and review the CSD file for discoverable information.

_____

[1] CSD records are, by statute, confidential under certain circumstances. ORS 418.770; *State ex rel Carlile v. Lewis*, 310 Or 541, 544 n 2, 800 P2d 786 (1990); *State v. Warren*, 304 Or 428, 431, 746 P2d 711 (1987). *See also* ORS 192.502(8) (exempts from disclosure "[p]ublic records or information the disclosure of which is prohibited or restricted or otherwise made confidential or privileged under Oregon law"); OEC 509 ("[a] public officer shall not be examined as to public records determined to be exempt from disclosure under ORS 192.501 to 192.505").

[2] No issue is raised in this proceeding concerning the requirement of a showing of good cause for disclosure.

[3] ORS 135.873 provides:

"(1) Upon a showing of good cause, the court may at any time order that specified disclosures be denied, restricted or deferred, or make such other order as is appropriate.

"(2) Upon request of any party, the court may permit a showing of good cause for denial or regulation of disclosures, or portion of such showing, to be made in camera. A record shall be made of such proceedings.

"(3) If the court enters an order granting relief following a showing in camera, the entire record of the showing shall be sealed and preserved in the records of the court, to be made available to the appellate court in the event of an appeal. The trial court, in its discretion, may, after trial and conviction, unseal matters previously sealed." (Emphasis added.)

Mark Allen Hansen is charged by indictment with the crimes of sodomy in the first degree, three counts of sexual abuse in the first degree, and attempted rape in the first degree, all involving a female child under the age of 12 years. Robert Lavern Fowler is charged by indictment with the crime of sexual abuse in the first degree involving a female child. Each of the alleged victims is in the legal custody of CSD. They came into CSD's custody for reasons unrelated to the criminal charges. CSD has, therefore, a file concerning each of them.

Hansen's lawyer filed a pretrial motion for an *in camera* review by the trial court of the CSD file involving the alleged child victim. The motion requested that Hansen's lawyer be furnished with "statements of any case worker, the alleged victim, * * * any statements by the foster parents, * * * or any other statements by the witnesses listed on the witness list attached hereto, to determine what materials are discoverable pursuant to ORS 135.815 * * * [and] any exculpatory evidence."

Fowler's lawyer also filed a pretrial motion for an *in camera* review by the trial court of the CSD file concerning the alleged child victim, seeking:

"A. All information pertaining to the victim and her parents, stepparents, and grandparents;

"B. Statements made by the victim, parents, stepparents and or grandparents either in writing or memoranda or oral statements;

"C. Statements made by various case workers of [CSD] regarding abuse allegations;

"D. Medical or physiological reports or statements;

"E. Any exculpatory evidence;

"F. Any evidence that relates to any witnesses' or victim's bias or motive; and

"G. Any evidence that is necessary to rebut or explain scientific or medical evidence offered by the state."

Shortly thereafter, defendant judge entered the following order in the Fowler case:

"1. The district attorney shall obtain the CSD file and review the same for discoverable information.

"2. The district attorney shall provide all required disclosure from the CSD file to the defendant not later than [a designated date].

"3. If the district attorney refuses to disclose any of the contents of the CSD file to the defendant, certified copies of those portions shall be transmitted to the Court. The Court will then make an *in camera* inspection and disclose so much of the balance of the CSD file to the defendant as is required by law.

"4. The district attorney's duty to disclose is continuing, to include new material added to the CSD file after initial review and disclosure.

"5. Failure to comply with this order may result in the imposition of sanctions, as for any discovery violation."

Defendant judge entered a virtually identical order in the Hansen case.

The district attorney sought reconsideration of defendant judge's orders, arguing that the orders were contrary to established case law and that defendant judge's orders would require the district attorney to review documents in the CSD files to which he otherwise would not have access. CSD moved for a protective order and an *in camera* review by the trial court in each case. Each CSD motion stated:

"Pursuant to ORS 135.873, CSD moves for a protective order deferring the District Attorney's review of the confidential documents in the CSD file until the court has conducted an *in camera* review to determine which confidential documents are within the scope of the defendant's discovery request and should be disclosed. The court should seal the portion of the CSD file that it determines should not be disclosed, to be available to the appellate court in the event of an appeal, pursuant to ORS 135.873(3)."

CSD's motion for a protective order in each case was supported by an affidavit of its counsel, an assistant attorney general. In each affidavit, the assistant attorney general listed the categories of information contained in the relevant CSD files and identified those statutes and rules on which CSD based its claims of confidentiality with respect to each category. In each affidavit, the assistant attorney general explained, *inter alia*, that the child abuse investigation

reports and records pertaining to each criminal case had been transmitted to the district attorney pursuant to ORS 418.770 and that the balance of the material is confidential by federal and state law and none of the parties to this criminal proceeding (including the district attorney) are entitled to those confidential materials. In addition, the assistant attorney general's affidavit in the *Hansen* case reported that certain documents in the relevant CSD file "are personal to * * * Hansen, as a recipient of CSD services not connected with the current criminal proceedings," and that, because he "is entitled to see the CSD materials concerning himself," "those file materials [have been] transmitted to his attorney."

Defendant judge entered an order in each case that denied both the district attorney's motions for reconsideration and CSD's requests for protective orders and directed the district attorney to comply with his previous orders concerning the files that CSD has concerning the alleged child victims. In support of his order, defendant judge issued a memorandum opinion in which he concluded that a CSD file is not protected from disclosure to the district attorney.

The district attorney and CSD then filed a petition for an alternative writ of mandamus, asking this court to direct the defendant judge to vacate his orders that directed the district attorney to review the CSD files in the Hansen and Fowler cases. We issued an alternative writ of mandamus. The defendant judge declined to change his orders, so we must decide the issue presented.

The only documents at issue in this case are documents in the CSD files which CSD claims are confidential and protected from review, even by the district attorney.[4] In *State v. Warren, supra*, the court was presented with the question "whether [CSD] files, containing memoranda of statements of the state's witnesses in the prosecution of sodomy and sexual abuse, must be made available to the defense and, if so, how." 304 Or at 430. The state argued that CSD files are confidential by statute and are not "within the possession or

---

[4] Certain documents in the CSD files have been labeled "public" records. Those documents are available to either party without a subpoena. As previously stated, CSD has made available to the district attorney, pursuant to ORS 418.770, the child abuse investigative reports and records concerning the alleged child victims, and CSD has sent certain records to Hansen.

control of the district attorney," as that phrase is used in the discovery statute, ORS 135.815(1).[5] The court, after recognizing that portions of CSD files are confidential under certain circumstances,[6] held that the portions of those files to which the district attorney is entitled are in the "possession or control" of the district attorney for purposes of ORS 135.815[7] and that the defendant was entitled to discover

---

[5] ORS 135.815(1) provides:

"Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within the possession or control of the district attorney:

"(1) The names and addresses of persons whom the district attorney intends to call as witnesses at any state of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons."

In *State ex rel Carlile v. Lewis, supra,* 310 Or at 543-44, this court stated:

"ORS 135.815(1) requires the district attorney to disclose to a defendant '[t]he names and addresses of persons whom the district attorney intends to call as witnesses * * * together with * * * relevant written or recorded statements of such persons.' Even without [ORS 135.815(1)], *Brady v. Maryland,* 373 US 83, 87, 83 S Ct 1194, 10 L Ed 2d 215 (1963), holds that the Due Process clause of the [fourteenth amendment to the] federal constitution requires the prosecution to disclose to the defendant evidence that is both favorable to the accused and material either to guilt or to punishment."

It is axiomatic that the district attorney cannot disclose information that the district attorney does not have, to which the district attorney does not have access, or over which the district attorney does not have control.

[6] "By statute confidentiality of CSD files is not absolute. ORS 418.770 provides that CSD records are 'not accessible for public inspection.' Nonetheless, disclosure is mandatory in a number of circumstances, ORS 418.770(1), and permissive in others, ORS 418.770(2). CSD must disclose information from its files to '[a]ny law enforcement agency * * * for the purpose of subsequent investigation of child abuse.' ORS 418.770(1)(a); *see also* OAR 412-01-160."

*State v. Warren, supra,* 304 Or at 432.

[7] "The police have access to information in CSD files to investigate charges of child abuse. In a prosecution, the prosecutor is responsible for evidence in the possession of the police. *State v. Koennecke,* 274 Or 169, 545 P2d 127 (1976). There this court upheld the trial judge's order suppressing a prosecution witness's testimony because police officers refused to produce their revolvers for inspection. This court would not excuse the state's failure to produce the revolvers upon the ground that the officers refused to make them available. And, of course, *information that the prosecutor may obtain directly is within the prosecutor's 'control' as well, even if it was not in the prosecutor's physical possession.* So much of the file as would be pertinent to the investigation, and is required to be disclosed to the defendant under the discovery statute, must be made available to him." (Emphasis added; footnote omitted.)

*State v. Warren, supra,* 304 Or at 433.

materials enumerated in that statute.[8] *Id.* at 433. The court held that the method of disclosure of discoverable information to the defendant best designed to preserve the confidentiality of the undiscoverable portions of the files is an *in camera* review by the trial court. *Id.* The court stated:

> "An *in camera* inspection of confidential files contemplates a judge's private review of the files, without the presence of the parties or attorneys. The purpose of any *in camera* procedure, of course, is to allow the trial judge to examine evidence in a manner best designed to protect the confidences at stake."

*Id.* at 434. The court held that *"in camera* review by the trial judge of CSD files, as guided by [the] defendant's discovery request, [was] required," and remanded the case to "the trial judge [to] examine the file *in camera* to determine whether there exists exculpatory evidence that should be made available to the defendant." *Id.* at 435.

In *State v. Graville,* 304 Or 424, 746 P2d 715 (1987), the defendant was charged with sodomy and sexual abuse involving her son. She sought pretrial access to the entire CSD file concerning the child. The trial court denied the defendant's discovery motion. This court held that, "[t]o the extent that defendant's discovery request encompasses written or recorded statements of a witness or memoranda of any oral statements of a witness, ORS 135.815(1) allows defendant access to them via *in camera* inspection by the court."[9] *Id.* at 427. In addition, this court held that the Due Process

---

[8] In *State v. Warren, supra,* 304 Or at 432, the court overstated the rule when it said that "by rule CSD must disclose its files to the district attorney. OAR 412-01-145." OAR 412-01-145, quoted in note 2 of *Warren,* relates to child abuse reports and records and states, in part:

> "CSD shall assist in the protection of a child who is believed to have been abused or neglected by providing information as needed to:
> "* * * * *
> "(b) The district attorney[.]"

[9] In so doing, the *Graville* court overstated the rule of *Warren* when it said that "[w]e held [in *Warren*] that the CSD files are in the 'possession or control' of the district attorney for purposes of ORS 135.815." *State v. Graville,* 304 Or 424, 426, 746 P2d 715 (1987). *Warren* held that the portions of the CSD files to which the district attorney *had access* (ORS 418.770; OAR 417-01-145) are in the possession or control of the district attorney, *State v. Warren, supra,* 304 Or at 432. The *Graville* opinion, in spite of its overstatement, is consistent with that reading of *Warren.*

Clause of the Fourteenth Amendment to the federal constitution required disclosure of any exculpatory evidence and *"required the trial court to review in camera* for exculpatory evidence those portions of the [CSD] file as indicated by the defendant's discovery request." *Id.* at 427 (emphasis added).

In *State ex rel Carlile v. Lewis, supra,* the defendant in the underlying criminal proceeding was charged with sexual abuse of a 10-year-old child. His lawyer made a pretrial request for the trial court to conduct *in camera* review of the CSD file concerning the child "for the purpose of ascertaining what items, such as statements of the case worker, the alleged victim or any medical reports or statements by other witnesses the state has mentioned in their police reports, are discoverable," as well as "any exculpatory evidence." The trial court refused to conduct the requested *in camera* review and authorized the criminal defendant's lawyer to review the CSD file, subject to certain restrictions on disclosure. The prosecuting attorney petitioned this court for an alternative writ of mandamus, asserting that the trial court was without authority to permit such *in camera* review by the criminal defendant's lawyer and that the judge must conduct the *in camera* review himself. We issued the writ, saying:

"ORS 135.873(2) requires an *in camera* inspection. *The judge's duty to inspect outside the presence of the parties cannot be delegated to a party or to the party's counsel.*

"We know that some CSD files are voluminous and that *in camera* inspection by the judge may require considerable time. But *ORS 135.873 requires that the in camera examination be made by the trial judge, not by a party or counsel for a party."* (Emphasis added; footnotes omitted.)

*Id.* at 544-45.

CSD is a division of the Oregon Department of Human Resources and is required by ORS 409.210 to:

"administer laws and programs relating to protective services to children, foster care, adoptions, Interstate Compact on Juveniles, restorative services to families with children, licensing of child care facilities and day care centers, the mental health program for children, youth employment programs and services to families and children in compliance with the federal social security laws."

Pursuant to ORS 409.220, CSD is authorized to:

"provide services related to the prevention, control and treatment of incest and sexual abuse. Those services include, but are not limited to, consultation, counseling, therapy and treatment programs for children who are the victims of incest and sex offenses, their families and the perpetrators of the incest or sex offense."

A CSD file often is a multi-client file, *i.e.*, it often contains confidential information about persons other than the alleged victim in a criminal case, and contains categories of information made confidential by statutes and rules other than ORS 418.770. For example, CSD files may contain: (a) juvenile court records and reports protected by ORS 419.567(1) and (2); (b) information consisting of medical or psychological records made confidential by ORS 179.505, ORS 192.525, and protected from disclosure by evidentiary privileges; (c) financial records prepared and maintained in connection with determining eligibility for and amount of services covered by certain federal funding statutes;[10] (d) school records, the disclosure of which is prohibited by ORS 336.195 and by federal law under the Family Education and Privacy Rights Act, also known as the Buckley Amendment, 20 USCA § 1232g(b)(1), and its implementing regulation, 34 CFR § 99.30-99.37.

■■ The district attorney, on the other hand, is charged with prosecuting crimes. Or Const, Art VII, § 17; ORS 8.660(1). CSD is authorized by ORS 418.770(1) and OAR 412-01-145(2), *see State v. Warren, supra*, 304 Or at 432, to disclose to the district attorney child abuse reports and records. There is no statutory authority for CSD to disclose other information in its file to the district attorney. Defendant judge's order, therefore, requires the district attorney to examine documents to which he does not otherwise have access and that could be made confidential by both statute and rule.

---

[10] Information concerning recipients of certain federal funds cannot be disclosed under 42 USCA § 602(a)(9), 45 CFR § 205.50 (relating to financial assistance), 42 USCA § 1396a(7), 42 CFR §§ 431.300 to 431.307 (relating to medical funds), 42 USCA § 671(a)(8), and 45 CFR §§ 1355.21 and 1355.30(1) (relating to funds for foster care and child welfare services). The state counterparts to these federal confidentiality laws are found in ORS 411.300, ORS 411.320, and ORS 418.130.

■ Thus, the legislature has specifically authorized only limited disclosure of information in a CSD file to the district attorney, and the method of disclosure chosen by the legislature to minimize the intrusion in the confidences at stake as to the other information in the CSD file that is made confidential by statute or rule is *in camera* review by the trial court, a neutral and detached arbiter. That this duty with respect to CSD files is not delegable to a party or counsel to a party is clear where, as in *Lewis* and *Warren*, the party to which the delegation is directed does not otherwise have access to the files, such that the very delegation of the review of documents could result in a breach of the confidences involved.[11] We hold that *in camera* review by a district attorney prosecuting a criminal case does not comport with ORS 135.873. We hold that a trial court, therefore, is without authority to delegate its duty to review *in camera* a CSD file to a person or party that would not otherwise have access to everything in that file. ORS 135.873 categorically prohibits a trial court from delegating its statutory duty under ORS 135.873 to examine *in camera* a CSD file for discoverable evidence to a district attorney prosecuting a criminal case.[12]

Peremptory writ of mandamus to issue.

---

[11] Of course, there is no breach of confidentiality where a party is asked to review its own files and release those requested documents that are not privileged. That is not the case here, however, where CSD is not a party and where the district attorney does not otherwise have access to the documents.

[12] We recognize the burdens that *in camera* review places on trial courts, which may well be required to expend considerable time to evaluate voluminous records. *See State ex rel Carlile v. Lewis, supra,* 310 Or at 545. Nevertheless, ORS 135.873 authorizes *in camera* review of CSD files to be undertaken only by the trial court. The trial court may not delegate the duty to the district attorney prosecuting the criminal case.