Argued and submitted November 29, 1995, affirmed February 21, petition for review denied June 18, 1996 (323 Or 483)

STATE OF OREGON,
*Respondent,*

*v.*

DAVID WAYNE WEAVER,
*Appellant.*

(94-0286; CA A86057)

911 P2d 969

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Defendant appeals from his convictions for multiple counts of rape in the first degree, ORS 163.375, sodomy in the first degree, ORS 163.405, sexual abuse in the first degree, ORS 163.427, and unlawful sexual penetration in the first degree, ORS 163.411. He contends that the trial court failed to release potentially exculpatory evidence from the victim's CSD files and abused its discretion when it declined to give a requested jury instruction. We affirm.

■ An extensive recitation of the facts of this case is not necessary. Defendant was charged by indictment with 12 counts of rape in the first degree, three counts of sodomy in the first degree, nine counts of sexual abuse in the first degree and two counts of unlawful sexual penetration in the first degree, arising from alleged incidents of sexual contact with the victim, his 11-year-old daughter. Before trial, defendant filed a motion for discovery of the victim's confidential CSD files accompanied by an affidavit describing the evidence that he believed would be in the files. The court reviewed the files *in camera* and released material that it deemed potentially exculpatory to defendant.[1] The case proceeded to a jury trial, and defendant was acquitted of two counts of sexual abuse and convicted of the remaining charges.

■ On appeal, defendant contends that the trial court failed to release "additional and discoverable material within the [victim's] CSD files." Without explaining why the trial court's *in camera* examination was insufficient, or what additional discoverable documents might be present, he asks this court to review the victim's files to determine if there is additional exculpatory evidence that should have been disclosed to the defense. We decline to do so. Not only has defendant failed to indicate specifically what evidence the trial court actually released,[2] he has not provided us with a

---

[1] Because CSD records are, by statute, confidential, ORS 418.770, the trial court must undertake an *in camera* inspection of the files for exculpatory information, as guided by the defendant's discovery request. *State v. Warren*, 304 Or 428, 746 P2d 711 (1987); *see also State ex rel Carlile v. Lewis*, 310 Or 541, 800 P2d 786 (1990) (judge's duty to inspect files cannot be delegated to a party or to the party's counsel).

[2] In his brief, defendant maintains that the trial court "only disclosed a report concerning an incident in 1988 involving the victim and a boy." Our review

description of what further exculpatory information he believes might exist or provided a summary of his theory of defense as a basis for us to assess the evidence in the files. We recognize that defendant can only speculate as to the contents of the victim's CSD file, but without *any* guidance, we cannot conduct a meaningful *in camera* review. *See State v. Leslie*, 119 Or App 249, 850 P2d 1134, *rev den* 317 Or 584 (1993) (defendant requested appellate review of confidential police personnel files for evidence of previous incidents involving the use of excessive force).

■ Defendant's remaining assignment of error is that the trial court erred in failing to give a "witness false in part" instruction to the jury. We review the trial court's decision for abuse of discretion. *Ireland v. Mitchell*, 226 Or 286, 292, 359 P2d 894 (1961).

■ ORS 10.095(3) provides that the jury is to be instructed by the court "on all proper occasions * * * [t]hat a witness false in one part of the testimony of the witness is to be distrusted in others." *See* UCrJI 1024.[3] The instruction is not mandatory, but is to be given when there is sufficient evidence from which the jury could find that "at least one witness consciously testified falsely." *Ireland*, 226 Or at 293. It is usually not appropriate to give the instruction if a witness's inconsistent statements are due to "honest mistake, confusion, [or] hazy recollection." *Id.*

---

of the transcript indicates that, in addition to the 1988 report, defendant received an intake report, case notes and a report written by a CSD caseworker, a police report and a medical report from the CSD files.

[3] The requested instruction, Uniform Criminal Jury Instruction No. 1024, provides:

"A witness who lies under oath in some part of his or her testimony is likely to lie in other parts of his or her testimony. Therefore, if you find that a witness has lied in some part of his or her testimony, then you may distrust the rest of that witness's testimony.

"Sometimes witnesses who are not lying may give incorrect testimony. They may forget matters or may contradict themselves. Also, different witnesses may observe or remember an event differently.

"You have the sole responsibility to determine what testimony, or portions of testimony, you will or will not rely on in reaching your verdict."

In arguing that the instruction was warranted in this case, defendant points to a number of minor inconsistencies between the victim's testimony at trial and what she had previously recounted to authorities about defendant's alleged sexual acts.[4] Having heard the testimony elicited at trial, the court evidently did not consider the discrepancies in the young victim's account material enough to warrant the requested instruction. On our own review of the relevant testimony, we conclude that the trial court did not abuse its discretion in refusing to give the instruction.

Affirmed.

---

[4] Those inconsistencies primarily relate to the victim's description of the locations where the sexual acts occurred and her recollection of items that might have been present or used during the acts.