Submitted May 31, 2018; convictions on Counts 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 13, and 14 reversed and remanded for resentencing, otherwise affirmed March 31, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LUIS HERNANDEZ-SANCHEZ,
*Defendant-Appellant.*

Washington County Circuit Court
C152335CR; A162764

486 P3d 806

Defendant appeals a judgment of conviction for two counts of first-degree sodomy, ORS 163.405 (Counts 1 and 2); two counts of first-degree rape, ORS 163.375 (Counts 3 and 4); three counts of first-degree unlawful sexual penetration, ORS 163.411 (Count 5, 8, and 9); and six counts of first-degree sexual abuse, ORS 163.427 (Count 6, 7, 10, 11, 13, and 14). The trial court dismissed one count of coercion (Count 12) before trial, and the jury returned nonunanimous verdicts on all the remaining counts, except Count 6. Defendant first challenges the trial court's *in camera* review of confidential records from the Department of Human Services (DHS). Defendant argues that the trial court may not have disclosed all potentially exculpatory evidence following three *in camera* reviews, and requests that the Court of Appeals perform its own *in camera* inspection. Next, defendant argues that the trial court plainly erred by instructing the jury that it could return a nonunanimous jury verdict. *Held*: The Court of Appeals reviewed the record *de novo* and concluded that there was no further evidence that required disclosure to defendant. With regard to the nonunanimous verdicts, the court used its discretion to review the error as plain for the reasons expressed in *State v. Ulery*, 366 Or 500, 503-04, 464 P3d 1123 (2020), and concluded that the trial court erred.

Convictions on Counts 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 13, and 14 reversed and remanded for resentencing; otherwise affirmed.

Janelle F. Wipper, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Egan, Chief Judge, and Bunch, Judge pro tempore.

EGAN, C. J.

Convictions on Counts 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 13, and 14 reversed and remanded for resentencing; otherwise affirmed.

**EGAN, C. J.**

Defendant appeals a judgment of conviction for two counts of first-degree sodomy, ORS 163.405 (Counts 1 and 2); two counts of first-degree rape, ORS 163.375 (Counts 3 and 4); three counts of first-degree unlawful sexual penetration, ORS 163.411 (Count 5, 8, and 9); and six counts of first-degree sexual abuse, ORS 163.427 (Count 6, 7, 10, 11, 13, and 14).[1] The jury returned nonunanimous verdicts on all counts except Count 6.

In his third assignment of error, defendant argues that, in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the trial court plainly erred by instructing the jury that it could return a nonunanimous jury verdict. The state concedes that the defendant's convictions resulting from nonunanimous verdicts require reversal. We agree and, for the reasons expressed in *State v. Ulery*, 366 Or 500, 503-04, 464 P3d 1123 (2020), exercise our discretion to reverse and remand all of defendant's convictions except the conviction on Count 6. As for Count 6, we reject defendant's structural error argument for the reasons set forth in *State v. Flores Ramos*, 367 Or 292, 319, 334, 478 P3d 515 (2020).

In his first assignment of error, defendant argues that the trial court may not have disclosed all potentially exculpatory evidence following three *in camera* reviews of confidential records from the Department of Human Services (DHS), and asks us to conduct our own *in camera* review for exculpatory evidence. On review of the undisclosed DHS records, we conclude that the court did not err in its *in camera* review. We reject defendant's second assignment of error without written discussion.

Turning to the procedural history of this case, defendant's stepdaughter, M, alleged that defendant sexually abused her multiple times from ages five to 12. In 2008, a sexual-abuse incident was reported, and an investigation followed. M's disclosures during her CARES examination were inconsistent, and the allegation was deemed

---

[1] Defendant was also indicted for one count of coercion (Count 12), ORS 163.275. However, the trial court dismissed that count before trial.

unfounded. Several years later, in September 2015, M told her friend, via text message, that defendant had attempted to sexually abuse her again the night before. M did not want to tell anyone, but the parents of M's friend found the texts and reported the incident to the police.

A detective and a DHS worker interviewed M, and M recounted years of defendant sexually abusing her, beginning with defendant touching M's private areas over her clothing. That sexual abuse escalated to defendant touching M's private areas under her clothing, eventually leading to defendant penetrating M's vagina and mouth with his hands, mouth, and penis. As a part of the incident in 2015, another CARES investigation was initiated, and defendant was indicted for the above-stated crimes.

During pretrial discovery, defendant moved the trial court to issue a subpoena *duces tecum* requiring DHS to produce records related to the 2008 and 2015 assessments concerning defendant and M. The court granted the motion and the next day the state moved to quash or, in the alternative, have the trial court perform an *in camera* inspection. Thereafter, the court made its first *in camera* review, in which it disclosed a portion of redacted records to the parties.

Several weeks later, defendant filed a demand for the disclosure of discovery for "[a]ny records in the possession of DHS that are required to be disclosed pursuant to [*State v. Wood*, 112 Or App 61, 827 P2d 924, *rev den*, 313 Or 355 (1992)]." The state opposed the motion as overly broad. On the next day, defendant moved for an order, allowed by ORS 33.055(2)(a), requiring the legal coordinator for DHS to appear and explain why DHS was not in contempt.

Several days later, defendant moved the trial court for authorization to issue another subpoena *duces tecum* for pretrial production of DHS records related to M. The court held a hearing on defendant's motion for DHS to show cause why it was not in contempt. The court did not conclude that DHS was in contempt, but ordered:

> "[DHS] must provide a complete and unredacted copy of [DHS] records in this matter including but not limited

> to: assessments, case notes, case plans, child specific case plans, permanency plans and all documents in the filing cabinet which may include treatment records, counseling records, court orders and letters to [the court] no later than 5:00 p.m. on June 1, 2016 for purposes of in camera review."

Shortly thereafter, the court disclosed an unredacted portion of the records to the parties as a result of its second *in camera* review.

On the first day of trial, the trial court held an OEC 104 hearing to determine whether a possible false allegation of abuse from M against her school counselor would be admissible. During the hearing, both M and her foster mother testified about a time that M's school counselor offered to be her foster parent and touched M's leg and shoulder, making M uncomfortable. The trial court ruled that the incident with the school counselor was not an allegation of sexual abuse, let alone a false allegation of sexual abuse. The court also conducted a third and final *in camera* inspection and disclosed four more pages of unredacted DHS case notes to the parties.

After a jury trial, defendant was found guilty on all counts, and this appeal followed.

Defendant, in his first assignment of error, requests that we review the confidential DHS records to look for exculpatory evidence—in particular, evidence that defendant could use to impeach the credibility of M—that is required to be disclosed under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[2]

---

[2] Although defendant also relies on the compulsory process clauses of the Sixth Amendment to the United States Constitution and Article I, section 11, of the Oregon Constitution, the only relevant constitutional provision here is the Due Process Clause. The United States Supreme Court so decided, as to the Sixth Amendment, in *Pennsylvania v. Ritchie*, 480 US 39, 56, 107 S Ct 989, 94 L Ed 2d 40 (1987), and we concurred, as to Article I, section 11, in *State v. Zinsli*, 156 Or App 245, 252, 966 P2d 1200, *rev den*, 328 Or 194 (1998) (compulsory process review "is absorbed into the due process analysis" of the Fourteenth Amendment). In any event, even if the state and federal compulsory process clauses were independently relevant, "[t]he right to compulsory process under Article I, section 11, parallels Sixth Amendment jurisprudence, *State v. Mai*, 294 Or 269, 272, 656 P2d 315 (1982), and the analysis of the two constitutional provisions is the same." *State v. Wixom*, 275 Or App 824, 839, 366 P3d 353 (2015), *rev den*, 359 Or 166 (2016).

The state responds that it "does not oppose defendant's request to have [us] review the sealed records *in camera*, as limited by defendant's discovery request at the trial level."[3] We review *de novo*. *State v. Leslie*, 119 Or App 249, 251, 850 P2d 1134, *rev den*, 317 Or 584 (1993) (not stating, but applying that standard). *State v. Lombardi*, 168 Or App 378, 379, 7 P3d 537, *rev den*, 330 Or 553 (2000) (same).

We have reviewed the record and conclude that there is no further evidence that requires disclosure to defendant. In making that conclusion, we rely on *Brady v. Maryland*, 373 US 83, 87, 83 S Ct 1194, 10 L Ed 2d 215 (1963), where the United States Supreme Court stated that the prosecution's failure to disclose "evidence favorable to an accused * * * violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *See State v. Warren*, 304 Or 428, 430-31, 746 P2d 711 (1987) (explaining that, concerning a defendant's discovery right to evidence available to the prosecution, *Brady* provides that the Due Process Clause prohibits a prosecutor from withholding evidence favorable to the defense). After the Court decided *Brady*, it clarified that, for a "true *Brady* violation" to occur, the undisclosed evidence must be "favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 US 263, 281-82, 119 S Ct 1936, 144 L Ed 2d 286 (1999). In our review, we conclude that the undisclosed evidence was either not relevant or not prejudicial. Accordingly, the trial court did not err in its *in camera* review.

Convictions on Counts 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 13, and 14 reversed and remanded for resentencing; otherwise affirmed.

---

[3] Although the state does not challenge defendant's request for an *in camera* review, we note that defendant provided us with adequate grounds for us to perform a meaningful review, as required by *State v. Weaver*, 139 Or App 207, 209-10, 911 P2d 969, *rev den*, 323 Or 483 (1996). Specifically, the potential evidence that defendant describes as favorable to him are inconsistent statements by M about sexual abuse, contradictory actions by M, contradictory statements by M's family, and recantations by M.